[No. 10931-3-III. Division Three. September 5, 1991.]

RUSSELL L. WILKERSON, ET AL, *Respondents*, v. UNITED INVESTMENT, INC., *Defendant*, M. STANLEY SLOAN, ET AL, *Appellants*.

*M. Stanley Sloan,* pro se, and *Allen L. Schwenker* and *Schwenker & Luciani,* for appellants.

*Richard C. Agman,* for respondents.

MUNSON, J. — Russell L. and Charlotte R. Wilkerson brought this action to recover damages for misrepresentation, violation of the Consumer Protection Act (CPA),

RCW 19.86.020, and breach of the implied warranty of habitability on their home. The matter was submitted to an arbitrator pursuant to RCW 7.06.010. The Wilkersons prevailed; United Investment, Inc., and M. Stanley Sloan requested a trial de novo. A jury verdict, finding misrepresentation, exceeded the compensatory damages awarded by the arbitrator but was less than the arbitrator's combined award of compensatory damages and attorney fees. The trial court ruled Mr. Sloan had not improved his position and awarded the Wilkersons attorney fees pursuant to MAR 7.3. Mr. Sloan appeals, contending he improved his position at the trial de novo.

The Wilkersons cross-appeal the court's dismissal of the CPA[1] and implied warranty of habitability claims.

## FACTS

Mr. Sloan developed and subplatted an area in Spokane known as Sloan's Addition. He sold five lots in the subdivision to Andrew Terris, a builder; a house built on one of these lots was ultimately purchased by the Wilkersons. The area has a high-level water table and all the lots had drainage problems. As part of the development, Mr. Sloan was obligated to form a nonprofit homeowners corporation. He was also obligated to prepare an agreement for the maintenance and repair of a community sewage drain field to serve this Addition. He did construct a drain field. The Wilkersons' home was originally connected to this drain field; it is now connected to a public sewer.

Despite the evident groundwater problems, Mr. Terris had not installed drain tile around the foundation of the Wilkersons' home. Mr. Terris left town owing Mr. Sloan $40,000. In satisfaction of his debt, Mr. Terris quitclaimed all of his Spokane area properties to Mr. Sloan, including the lot and house later purchased by the Wilkersons. Thereafter, Mr. Sloan formed United Investment, Inc., an Idaho corporation, as a vehicle to transfer clear title to

---

[1] The CPA was the basis for the arbitrator's award.

these properties. The corporation was never licensed to do business in Washington.

Prior to the sale to the Wilkersons, Mr. Sloan was denied a bank loan to pay for drain tiles around the house. He did obtain a loan for a sump pump to pump water out of the basement.

United Investment, Inc., listed the house with the Tomlinson agency.[2] When the selling agent saw signs of water in the basement, he asked the listing agent for some assurances and was told the water had gotten in through the window openings during construction. Neighbors reported water was pumped from the basement even after the roof was on the Wilkerson home. The home was shown to at least one other potential purchaser before the Wilkersons.

On June 18, 1982, the Wilkersons purchased the home from United Investment, Inc. Within months of their purchase, substantial groundwater was discovered leaking into the unimproved basement. The Wilkersons hired a contractor to jackhammer through the basement floor and install a sump pump below floor level. Two months later, they had drain tile installed around the foundation to divert runoff water away from their home.

The Wilkersons brought suit against United Investment, Inc., M. Stanley Sloan, and other defendants. The other defendants settled for $11,500. In 1988, the Wilkersons submitted their claim against United Investment, Inc., and Mr. Sloan to arbitration pursuant to former Spokane County Local Mandatory Arbitration Rule 7.2. The arbitrator awarded the Wilkersons $10,965.12 in compensatory damages and $10,000 in attorney fees and costs pursuant to the CPA, RCW 19.86.090. Mr. Sloan and United Investment, Inc., requested a trial de novo pursuant to RCW 7.06.050 and MAR 7.1.

The trial court dismissed the Wilkersons' CPA and implied warranty of habitability claims. The court held

---

[2]It originally listed with Main Realty, which was subsequently purchased by the Tomlinson agency. This listing and others were included in the purchase.

Mr. Sloan liable for the actions of the corporation. The jury awarded the Wilkersons $16,000 on their claim of misrepresentation. The trial court found that Mr. Sloan had not improved his position at the trial de novo and, pursuant to RCW 7.06.060 and MAR 7.3, awarded attorney fees to the Wilkersons.

## MR. SLOAN'S APPEAL

Mr. Sloan contends the arbitrator's award was $20,965.12, consisting of $10,965.12 in damages and $10,000 in attorney fees and costs. Because the jury verdict was $16,000, he concludes he improved his position. The issue presented is to define the meaning of a failure to improve one's position after arbitration.

■ The primary objective of the court when interpreting a statute "is to carry out the intent of the Legislature." *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984).

Here, the arbitrator's award consisted of two items: compensatory damages and a reasonable attorney fee pursuant to the CPA. RCW 19.86.090.

The Wilkersons' claim is for compensatory damages. The monetary amount is fixed by the trier of fact who has discretion to make that determination within the range of relevant evidence. *Mason v. Mortgage Am., Inc.*, 114 Wn.2d 842, 850, 792 P.2d 142 (1990).

Attorney fees, on the other hand, are awarded only pursuant to contract, statute, or a recognized ground of equity. *Baird v. Larson*, 59 Wn. App. 715, 720, 801 P.2d 247 (1990).

■ The purpose of the attorney fee award under RCW 7.06.060 and MAR 7.3 is to discourage meritless appeals of arbitration awards and to relieve court congestion. *Christie-Lambert*, at 303.

While the award of attorney fees may be mandatory, "the amount of the award is discretionary . . .". *Clark v. Luepke*, 60 Wn. App. 848, 855 n.12, 809 P.2d 752 (1991).

The arbitrator was permitted to award attorney fees pursuant to the CPA and costs pursuant to RCW 4.84.010. The court awarded the attorney fees pursuant RCW 7.06.060 and MAR 7.3.

█ It would be inequitable to compare the jury verdict for compensatory damages with an arbitrator's combined award of compensatory damages, attorney fees, and costs. The better approach to determine whether one's position has been improved, is to compare comparables. Here, the jury's compensatory damage award exceeded the arbitrator's compensatory damage award.

We find Mr. Sloan did not improve his position; the judgment is affirmed. The Wilkersons are entitled to attorney fees on appeal. *Christie-Lambert*, at 308.

Pursuant to RCW 2.06.040, the remaining contentions and the court's opinion, having no precedential value, will not be published.

GREEN, C.J., and THOMPSON, J., concur.

Review denied at 118 Wn.2d 1013 (1992).