[No. 38505-4-I.   Division One.   May 5, 1997.]

WAHEED SULTANI, *Respondent*, v. DAVID P. LEUTHY, ET AL., *Defendants*, TODD K. SHREWSBURY, ET AL., *Appellants*.

*William R. Hickman, Pamela A. Okano*, and *Reed Mc-Clure*; and *William W. Spencer* and *Murray, Dunham & Murray*, for appellants.

*A.S. Anderson*, for respondent.

KENNEDY, A.C.J. — Todd Shrewsbury and Lance Pollard appeal the trial court's order awarding attorney fees to Waheed Sultani under Rule 7.3 of the Mandatory Arbitration Rules (MAR). The appellants contend that the fee award was erroneous under the facts of this case because neither was a party who failed to improve his position on the trial de novo. We agree and reverse the trial court's judgment in favor of Sultani. Because our holding is dispositive of this appeal, we need not reach the appellants' additional argument that Shrewsbury, who did not appeal the arbitration award, was not subject to MAR 7.3.

## FACTS

On the morning of January 25, 1991, Waheed Sultani was involved in a three-car accident with David Leuthy and Alan Gough. While Sultani was stopped at a red light, he was rear-ended by Leuthy. Gough, who had been following Leuthy, then rear-ended Leuthy, forcing his car once again into Sultani. Sultani sustained personal injuries as a result of the accident. Less than two months later, on March 16, 1991, Sultani was again involved in a three-car accident, this time with Lance Pollard and Todd Shrewsbury. When Sultani came to a complete stop for traffic on Interstate 5, he was rear-ended by Pollard. Shrewsbury, who had been driving behind Pollard, also failed to stop and struck Pollard from behind, forcing his car once again into Sultani. Sultani sustained additional personal injuries as a result of this accident. Approximately three years later, Sultani brought a single lawsuit against Leuthy, Gough, Pollard, and Shrewsbury for personal injuries and damages sustained as a result of the accidents.

The matter proceeded to mandatory arbitration under RCW 7.06. On April 14, 1995, the arbitrator awarded Sultani $38,535.20 against the four defendants jointly and

severally. Following the arbitration, Pollard filed a request for trial de novo under MAR 7.1. Neither Leuthy nor Shrewsbury filed similar requests, and Gough failed to appear. At the conclusion of the trial de novo, the jury found that the defendants' negligence was the proximate cause of Sultani's injuries, and awarded Sultani $55,250 in damages. The damages were apportioned among the defendants based on percentage of fault as follows: Leuthy: $32,873.75; Gough: $14,088.75; Shrewsbury: $4,558.13; Pollard: $3,729.37.

Noting that he had improved his position at trial, Sultani sought an award of attorney fees and costs under MAR 7.3. The trial court granted Sultani's request, ruling that Leuthy, Pollard, and Shrewsbury were jointly and severally liable for $28,000 in attorney fees and $3,286.91 in costs. The court subsequently denied the defendants' motion for reconsideration, and this timely appeal followed.

## DISCUSSION

The appellants contend that the trial court erred in awarding Sultani attorney fees under MAR 7.3, arguing that neither was a party who failed to improve his position on the trial de novo within the meaning the rule. Sultani responds that the fee award was proper because, given the fact that his damages increased by nearly $17,000 following the trial de novo, the overall position of the four defendants did not improve, but instead worsened "drastically."

In Washington, attorney fees may be recovered only when authorized by statute, a recognized ground of equity, or private agreement of the parties. *Perkins Coie v. Williams*, 84 Wn. App. 733, 742-43, 929 P.2d 1215 (1997); *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 301, 693 P.2d 161 (1984). MAR 7.3 provides for the award of attorney fees in an appeal from a mandatory arbitration award under certain circumstances. The rule

provides in pertinent part: "The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." MAR 7.3. *See also* RCW 7.06.060. By providing for the award of attorney fees, MAR 7.3 serves the goal of discouraging meritless appeals, thereby alleviating court congestion and reducing delay in hearing civil cases. *Perkins Coie*, 84 Wn. App. at 737-38; *Fernandes v. Mockridge*, 75 Wn. App. 207, 211-12, 877 P.2d 719 (1994), *review denied*, 126 Wn.2d 1005 (1995); *Christie-Lambert*, 39 Wn. App. at 302-03.

Both parties rely on *Christie-Lambert* in support of their arguments on appeal. In *Christie-Lambert*, the plaintiff brought an action against an attorney and his client for services rendered on the unauthorized, but good faith request of the attorney on behalf of the client. The case proceeded to mandatory arbitration, at the conclusion of which the arbitrator awarded the plaintiff $961.72 against the client and $3,045.42 against the attorney. Although the attorney had asserted a cross-claim against the client, the arbitrator refused to rule on the claim because the client had not been properly served. The attorney thereafter requested a trial de novo under MAR 7.1. At the conclusion of the trial, the court awarded the plaintiff $928.18 against the client and $3,090.96 against the attorney. The court also awarded the attorney $2,090.96 against the client on his cross-claim and awarded the client $1,000 against the attorney. The trial court denied the plaintiff's request for an award of attorney fees under MAR 7.3, finding that the attorney had improved his overall position on the trial de novo. 39 Wn. App. at 300-01.

This court reversed the denial of the fee award. Although the attorney had improved his overall position on the trial de novo based on the cross-claim that was served after the arbitration, this court concluded that he had not improved his position with respect to the claim that had been arbitrated.

The interpretation of RCW 7.06.060 and MAR 7.3 that will

give effect to the provision's purpose to deter meritless appeals and the act's purpose to favor arbitration in certain cases as a means of reducing court congestion is that costs and attorney fees shall be assessed against an appellant from a mandatory arbitration award who does not improve his position in the trial de novo as to a *party whose claim was arbitrated.* Interpreting RCW 7.06.060 and MAR 7.3 as not authorizing an attorney fee award where an appellant improves his overall position in the trial de novo solely because of a new claim brought for the first time at trial, as [the attorney] argues, would be counter to the statutory purpose of deterring meritless appeals from mandatory arbitration awards. In fact, such an interpretation would reward bringing a new claim in a trial de novo after the arbitration.

Moreover, it is inherently unfair to deny an attorney fee award to a party that has borne the cost of mandatory arbitration and a trial de novo without a change in results where the denial is based upon the appellant's improving his overall position in the trial de novo solely because of a new claim brought for the first time on appeal. This is particularly so where, as in this case, the appellant might have brought a separate action on the new claim. . . .

. . . .

*A denial of attorney fees to [the plaintiff] in this case would run counter to the general rule that attorney fees and costs in multi-party cases as well as in certain consolidated cases are awarded to different parties on the basis of the separate judgments obtained, not the overall trial result.*

*Christie-Lambert*, 39 Wn. App. at 303-05 (second emphasis added).

██ ██ Relying on the quoted, italicized language in *Christie-Lambert*, the appellants contend that although Sultani's overall damage award increased after the trial de novo, each of their positions with respect to Sultani nonetheless improved, precluding an award of attorney fees under MAR 7.3. We agree. At the conclusion of the arbitration, each of the appellants was found jointly and

severally liable to Sultani for $38,535.20. At the conclusion of the trial de novo, in contrast, Pollard was found severally liable to Sultani for $3,729.37 and Shrewsbury was found severally liable for $4,558.13. Viewing the separate judgments obtained by the appellants on the trial de novo, as opposed to the overall trial results, we conclude that neither appellant was "a party who . . . fail[ed] to improve [his] position on the trial de novo" within the meaning of MAR 7.3.

Sultani argues, however, that a comparison of the appellants' separate trial judgments with the entire amount awarded at the arbitration ignores the fact that the appellants had a statutory right of contribution against each other, as a result of the arbitration award. It is true that the appellants had a right of contribution which could have been enforced in the original action or by a separate action brought for that specific purpose. *See* RCW 4.22.040. It is also true that, in determining whether an appellant has improved his or her position in a trial de novo, this court will "compare comparables." *Wilkerson v. United Invs., Inc.*, 62 Wn. App. 712, 717, 815 P.2d 293 (1991), *review denied*, 118 Wn.2d 1013 (1992). Nevertheless, multiple tortfeasors who are jointly and severally liable are each liable for the entire harm caused, and the injured party may pursue one or all to obtain full recovery. *Glover v. Tacoma Gen. Hosp.*, 98 Wn.2d 708, 712-13, 658 P.2d 1230 (1983). Thus, although the appellants had a right of contribution against each other and against the other defendants as a result of the arbitration award, there still existed the possibility that one or both appellants, rather than all four defendants, would have borne the full responsibility of making Sultani whole. Sultani's argument would force this court to speculate as to whether the appellants would have been able to obtain a contribution from one another and from the other defendants and, if so, for how much.

Citing *Christie-Lambert*, Sultani also argues that the appellants should have pursued an action for indemnification or contribution against the other defendants rather

than "imposing on [him] the substantial investment of a jury trial." Br. of Resp't/Cross-Appellant at 7. *Christie-Lambert*, however, does not support Sultani's argument. Although the appellants in this case could have brought a contribution action, they could not, by that means, have avoided joint and several liability. For that, they had to seek a trial de novo. The appellants in this case are thus unlike the attorney in *Christie-Lambert*, who could have litigated the cross-claim against his client separately.

Finally, Sultani cautions that the logical outcome of a failure to award attorney fees in cases such as this one is that whenever an arbitrator hands down a joint and several award, there is a strong potential for the circumvention of MAR 7.3, in that multiple tortfeasors are likely to agree amongst themselves that only one of them, the one having the best chance of showing that he or she was less at fault, will seek a trial de novo. Sultani's fear is based on an assumption that appealing defendants will be able to apportion potential fault amongst themselves following a joint and several mandatory arbitration award. This will not always be possible, and to the extent that it may sometimes be possible, the Mandatory Arbitration Rules were not meant to discourage *meritorious* appeals. *See Christie-Lambert*, 39 Wn. App. at 304 (statutory purpose of RCW 7.06.060 is to deter *meritless* appeals). An appellee unhappy that a trial de novo resulted in a finding of several liability, rather than joint and several liability, may always appeal that result. Here, although Sultani filed a notice of cross-appeal on this very issue, he abandoned the cross-appeal by failing to assign error to any of the rulings below and by failing to provide briefing in support of his challenge. The finding of several liability is, accordingly, the law of this case, so that we can only conclude that Pollard had a sound basis for requesting a trial de novo. Thus, this was not a meritless appeal from a mandatory arbitration award. Finally, the courts have means of dealing with abuse of court processes on a case-

by-case basis where such abuse can be demonstrated, so that any potential for circumvention of the Mandatory Arbitration Rules as a result of our ruling can be dealt with, if, as and when such circumvention might arise.

Thus, although Sultani's overall damage award increased following the trial de novo, each of the appellants nonetheless improved his position with respect to Sultani. Because neither appellant was "a party who . . . fail[ed] to improve [his] position on the trial de novo," we hold that the trial court erred in awarding attorney fees under MAR 7.3.[1]

Reversed.

BECKER and COX, JJ., concur.

Review denied at 134 Wn.2d 1001 (1997).

---

[1]The appellants also challenge the propriety of the fee award with respect to appellant Shrewsbury, arguing that because he did not appeal the arbitration award, he was not subject to MAR 7.3. Sultani responds that although Shrewsbury did not file a request for trial de novo, he "actively participated" in the trial. Br. of Resp't/Cross-Appellant at 2. Because our holding that the trial court erred in awarding fees under MAR 7.3 is dispositive of this appeal, we need not reach this issue.