[No. 22229-9-II.    Division Two.    June 5, 1998.]

PAUL YOON, *Plaintiff*, v. HENRY M. KEELING, JR., ET AL., *Respondents*, HONEY K. FERNAU, *Appellant*.

*Max G. Nicolai*; and *William R. Hickman* and *Pamela A. Okano* of *Reed McClure,* for appellant.

*Daniel R. Kyler* of *Rush, Hannula, Harkins & Kyler,* for respondents.

SEINFELD, J. — Honey Fernau appeals a trial court order requiring her to pay attorney fees to codefendant Henry Keeling. She contends that she improved her position at the trial de novo and, thus, is not liable for fees pursuant to MAR 7.3. But the jury held Fernau responsible for a greater percentage of fault than did the arbitrator in his award. We hold that, notwithstanding an intervening settlement with the plaintiff that reduced the dollar amount of the award, Fernau did not improve her position "on the trial de novo." Thus, we affirm.

## FACTS

Following mandatory arbitration, the arbitrator entered an award against codefendants Fernau and Keeling in favor of Paul Yoon for the injuries he sustained in a three-car automobile accident. The arbitrator awarded Yoon a total of $10,769 and apportioned the fault 25 percent to Fernau and 75 percent to Keeling. Fernau requested a trial de novo pursuant to MAR 7.1.

Before trial, Fernau and Keeling settled Yoon's claim for $8,000. The trial de novo then proceeded on the sole issue of the apportionment of liability between the codefendants. A jury allocated 32 percent of the fault to Fernau and 68 percent to Keeling. Because of the earlier settlement, Fernau then owed $2,560 to Yoon, a reduction of $132.25 compared to the amount she owed at the time the arbitrator filed the award.

The trial court ordered Fernau to pay Keeling attorney fees and costs of $9,784.38. Fernau appeals the attorney fee award, contending that because the net effect of the trial de novo was to reduce her liability to the plaintiff by $132.25, she improved her position on the trial de novo, pursuant to MAR 7.3. Keeling responds that Fernau failed to improve her position on the only issue litigated at trial,

the apportionment of fault. Thus, he claims that he is entitled to attorney fees.

## DISCUSSION

MAR 7.3 provides: "The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo."

■■ The purpose of the attorney fee award under MAR 7.3 is to discourage meritless appeals of arbitration awards, to reduce delay in hearing civil cases, and to relieve court congestion. *Wilkerson v. United Inv., Inc.*, 62 Wn. App. 712, 716, 815 P.2d 293 (1991); *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 302, 693 P.2d 161 (1984). MAR 7.3 requires the court to assess costs and attorney fees against a party who appeals the award and does not improve his position in a trial de novo *as to a party whose claim was arbitrated. Christie-Lambert*, 39 Wn. App. at 303.

In deciding whether to award attorney fees and costs, the court considers whether the appealing party improved his position relative to the party seeking fees against him. *Sultani v. Leuthy*, 86 Wn. App. 753, 758-59, 943 P.2d 1122 (1997). In some circumstances, the court may require the payment of attorney fees even where the appealing party improved its overall position. *Christie-Lambert*, 39 Wn. App. at 305. For example, the appealing defendant in *Christie-Lambert* prevailed on a cross-claim that he raised for the first time at the trial de novo, and thereby improved his overall position. Nonetheless, because he failed to improve his position relative to the plaintiff, the court required him to pay the plaintiff's attorney fees. *Id*. at 304-05.

In *Sultani*, although plaintiff's overall position improved at trial, he was not entitled to attorney fees against the appealing defendants because the defendants's individual liability as apportioned by the court was less than their joint

and several liability under the arbitrator's decision. 86 Wn. App. 759. The court found that these defendants improved their individual positions relative to the plaintiff; thus, it did not require the appealing defendants to pay plaintiff's attorney fees.

■ Although both *Sultani* and *Christie-Lambert* involved a plaintiff seeking attorney fees against a defendant(s) rather than one codefendant seeking fees against another codefendant, the principles set forth are applicable. Here, the arbitrator decided both the *amount* of liability to the plaintiff and the *apportionment* of fault between the defendants. But when the parties settled the *amount* of liability before trial, they removed that issue from contention.

At that point, Fernau elected to proceed with trial on the apportionment of fault issue rather than accepting the arbitrator's ruling. By doing so, she placed a burden on the court system and caused Keeling to incur costs and attorney fees. At trial on the sole issue of apportionment, she failed to improve her position *"as to a party* [Keeling] *whose claim was arbitrated." Christie-Lambert*, 39 Wn. App. at 303 (emphasis added). To serve MAR 7.3's purpose of discouraging meritless appeals and reducing delay and court congestion, Fernau must be responsible for Keeling's attorney fees.[1]

■ Keeling has argued for attorney fees in his brief and at oral argument. A party entitled to attorney fees under MAR 7.3 at the trial court level is also entitled to attorney fees on appeal if the appealing party again fails to improve its position. *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995) (citing *Wilkerson*, 62 Wn. App. at 717). Keeling is entitled to attorney fees on appeal upon compliance with RAP 18.1.

We affirm.

---

[1]Fernau did not challenge the reasonableness of the attorney fee award below or on appeal.

BRIDGEWATER, A.C.J., and HUNT, J., concur.