[No. 51218-8-I.   Division One.   July 14, 2003.]

MEI TRAN, *Appellant*, v. YUE HAN YU, *Respondent*.

---

[16] *See* RCW 4.84.340(5), .350(1).

*Derek P. Radtke*, for appellant.

*Andrew J. Kinstler* and *Kristen Dorrity* (of *Helsell Fetterman, L.L.P.*), for respondent.

SCHINDLER, J. — An arbitrator awarded $14,675 in damages to the plaintiff, Mei Tran (Tran). The defendant, Yue Han Yu (Yu), requested a trial de novo. Following trial, the jury awarded $13,375 in damages to Tran. Tran moved for entry of judgment and also sought attorney fees under CR 37, statutory costs and attorney fees under Mandatory Arbitration Rule (MAR) 7.3. The trial court entered judgment on the jury's verdict, granted Tran's motion for CR 37 sanctions and statutory costs, but denied Tran's request for attorney fees under MAR 7.3. On appeal, Tran contends that the trial court erred in denying her request for attorney fees because the total judgment following trial exceeded the arbitration award. However, because the compensatory damages awarded to Tran by the jury were less than those awarded by the arbitrator, Yu improved her position in the trial de novo and the trial court properly denied Tran's request for attorney fees under MAR 7.3. We affirm.

## FACTS

On January 9, 2000 Mei Tran was in her car traveling southbound on Interstate 5 with her two children. She slowed in response to traffic and was rear-ended by Yue Han Yu. As a result of the accident, Tran suffered injuries to her head, neck, and back.

Tran filed suit against Yu on behalf of herself and her children. Following mandatory arbitration, the arbitrator awarded damages to Tran of $3,675 for her medical bills

and $11,000 in general damages, for a total damage award of $14,675.[1]

Yu requested a trial de novo. Prior to trial, Tran submitted requests for admission, asking Yu to admit that Tran had incurred $3,875 in medical bills as a result of injuries sustained in the accident and to admit that those medical expenses were reasonably necessary. Yu denied both requests for admission.

Tran moved for summary judgment on liability and damages. Yu admitted liability and the amount of damages but denied that the injuries were caused by the accident. The court granted Tran's motion on liability and on the issues that Tran incurred $3,875 in medical bills, and that those expenses were reasonable and necessary. The court denied summary judgment on the issue that Tran's injuries were caused by the accident and the nature and amount of damages.

After a two-day trial, a jury returned a verdict in favor of Tran, awarding her economic damages of $3,875, noneconomic damages of $7,000, and future noneconomic damages of $2,500, for a total jury verdict of $13,375.

Tran noted a motion for entry of judgment on the jury verdict. In her motion, Tran sought an award of $3,205 in attorney fees under CR 37(c) for the costs incurred in proving the issues Yu denied in the requests for admission (the amount of medical expenses incurred and the reasonableness and necessity of those expenses) and statutory costs of $955.80 as the prevailing party in litigation under RCW 4.84.010. Claiming that Yu failed to improve her position at the trial de novo because the total judgment of $17,535.80, including CR 37 attorney fees and statutory costs, exceeded the arbitration award of $14,675, Tran also sought approximately $14,500 in attorney fees under MAR 7.3.

---

[1] The arbitrator also awarded damages of approximately $3,000 to each of Tran's children. It appears that the children's claims were settled after the arbitration.

Yu opposed the request for attorney fees under MAR 7.3.[2] Because the compensatory damages awarded by the jury were $1,300 less than the arbitrator's award, Yu asserted that she had improved her position at trial. She also argued that the arbitration award should be compared only to the jury verdict obtained at trial and statutory costs and CR 37 sanctions should not be considered in determining whether attorney fees should be awarded under MAR 7.3.

The trial court entered a total judgment of $17,535.80, which consisted of the principal judgment of $13,375, CR 37 attorney fees of $3,205, and costs of $955.80. The court agreed with Yu's position and denied Tran's motion for attorney fees under MAR 7.3. Tran filed a motion for reconsideration of the trial court's denial of MAR 7.3 attorney fees, and the court denied the motion. Tran appeals.

## DISCUSSION

The issue is whether under MAR 7.3 Yu failed to improve her position at trial when the compensatory damages awarded at trial were less than those awarded at arbitration, but the total judgment following trial was higher because of the court's award of statutory costs and CR 37 sanctions.

■ Construction of a court rule is a question of law that this court reviews de novo. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996).

■■ The legislature's purpose in adopting mandatory arbitration legislation was to " 'reduce congestion in the courts and delays in hearing civil cases.' " *Nevers v. Fireside, Inc.*, 133 Wn.2d 804, 815, 947 P.2d 721 (1997) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 737, 929 P.2d 1215 (1997)). Following mandatory arbitration, a party may request a trial de novo in the superior court. RCW 7.06.050; MAR 7.1(a). But to discourage meritless appeals, the re-

---

[2] Yu also opposed Tran's request for CR 37(c) attorney fees.

questing party is liable for costs and attorney fees should it fail to improve its position in the trial de novo. MAR 7.3. *See also* RCW 7.06.060; *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 303, 693 P.2d 161 (1984).

MAR 7.3 states:

> The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo. The court may assess costs and reasonable attorney fees against a party who voluntarily withdraws a request for a trial de novo. "Costs" means those costs provided for by statute or court rule. Only those costs and reasonable attorney fees incurred after a request for a trial de novo is filed may be assessed under this rule.

The interpretation of MAR 7.3 advanced by Tran, that the court should compare the entire judgment at trial, including costs and CR 37 sanctions, with the arbitration award in order to determine if the party who requested the trial de novo failed to improve its position, is inconsistent with the purpose of the rule. A trial is almost always more expensive than arbitration. If Tran's interpretation were accepted, a party would invariably improve its position because additional costs, attorney fees, and interest would be incurred. *See Haley v. Highland*, 142 Wn.2d 135, 159, 12 P.3d 119 (2000) (Talmadge, J. concurring).

■ Given the objective of MAR 7.3 and consistent with the case law that has interpreted and applied MAR 7.3, the logical interpretation of MAR 7.3 is that the court should compare comparables to determine whether a party failed to improve its position. Thus, here the court would compare the compensatory damages awarded by the arbitrator and the compensatory damages awarded at the trial de novo.

Washington courts' interpretation of MAR 7.3 is consistent with the purpose of the rule. In *Wilkerson v. United Investment, Inc.*, 62 Wn. App. 712, 717, 815 P.2d 293 (1991), homeowners sued a developer for misrepresentation, breach of implied warranty of habitability, and violation of the Consumer Protection Act (CPA), chapter 19.86 RCW. An arbitrator awarded the homeowners damages of $10,965

and $10,000 for attorney fees under the CPA. The developer requested a trial de novo. At trial, the court dismissed the homeowners' implied warranty of habitability and CPA claims, and the jury awarded $16,000 in damages on the misrepresentation claim. The trial court concluded that the developer, who requested the trial de novo, failed to improve his position and awarded attorney fees to the homeowners under MAR 7.3.

The developer appealed, arguing that because the total arbitration award, which included both damages and attorney fees, was greater than the amount of damages awarded by the jury, the court erred in concluding that he failed to improve his position. The court rejected the developer's argument and affirmed the trial court's award of MAR 7.3 attorney fees stating that:

> It would be inequitable to compare the jury verdict for compensatory damages with an arbitrator's combined award of compensatory damages, attorney fees, and costs. The better approach to determine whether one's position has been improved, is to compare comparables. Here, the jury's compensatory damage award exceeded the arbitrator's compensatory damage award.
>
> We find [the developer] did not improve his position; the judgment is affirmed.

*Wilkerson*, 62 Wn. App. at 717.

The approach in *Wilkerson* is in accord with the cases which have considered similar issues in the context of MAR 7.3. For instance, in *Christie-Lambert*, 39 Wn. App. 298, a defendant requested a trial de novo following arbitration. At trial, all the plaintiff's claims were resolved in the same manner as at arbitration. However, the defendant improved his overall position because he prevailed on a cross-claim which was not litigated in the arbitration. The trial court denied the plaintiff's MAR 7.3 attorney fee request. This court reversed, stating:

> it is inherently unfair to deny an attorney fee award to a party that has borne the cost of mandatory arbitration and a trial de

novo without a change in results where the denial is based upon the appellant's improving his overall position in the trial de novo solely because of a new claim brought for the first time on appeal.

*Christie-Lambert*, 39 Wn. App. at 304.

In *Sultani v. Leuthy*, 86 Wn. App. 753, 943 P.2d 1122 (1997), the arbitrator awarded damages against four defendants jointly and severally. Following a trial de novo upon a defendant's request, the jury awarded the plaintiff a higher amount of damages, but apportioned it among the defendants based on percentage of fault. The trial court granted attorney fees to the plaintiff under MAR 7.3 and this court reversed. Citing *Wilkerson*, this court concluded that by comparing "comparables," each defendant had improved his individual position because the damage award at trial de novo was not joint and several. *Sultani*, 86 Wn. App. at 759.

Similarly, in *Yoon v. Keeling*, 91 Wn. App. 302, 956 P.2d 1116 (1998), an arbitrator awarded damages to the plaintiff and apportioned the fault 25 percent to defendant Fernau, and 75 percent to defendant Keeling. Fernau requested a trial de novo. Before trial the defendants settled the plaintiff's claim for a lesser amount, and the trial proceeded solely on the issue of apportionment. The jury allocated 32 percent of the fault to Fernau and 68 percent of the fault to Keeling. Due to the earlier settlement, Fernau owed $132.25 less to the plaintiff than she owed according to the arbitrator's award. The court ordered Fernau to pay attorney fees. The appellate court affirmed. Relying on the principals of *Christie-Lambert* and *Sultani*, the court concluded that for purposes of MAR 7.3 a court should compare the disposition of claims that are litigated both at arbitration and at trial. Because the defendant elected to proceed to trial on the issue of apportionment and then failed to improve her position on that issue, MAR 7.3 attorney fees were proper.

Tran argues that *Wilkerson* was wrongly decided because the language of MAR 7.3 does not require the court to

"compare comparables."[3] Relying on *Cormar, Ltd. v. Sauro,* 60 Wn. App. 622, 806 P.2d 253 (1991), she argues that the party who requests a trial de novo should be liable for fees and costs if the total judgment following trial exceeds the arbitration award.

In *Cormar*, the arbitrator awarded damages to the defendant, Sauro, but rejected his claim for prejudgment interest. Cormar requested a trial de novo. The trial court awarded damages to Sauro in an amount less than the damages awarded by the arbitrator, but awarded prejudgment interest. Because the total amount of the judgment awarded by the trial court in favor of Sauro was greater than the arbitrator's award, the trial court awarded MAR 7.3 attorney fees to Sauro. Cormar appealed the attorney fee award. The appellate court affirmed. Because the judgment, which included prejudgment interest, was greater than the arbitrator's award, MAR 7.3 attorney fees were proper.

■ *Cormar* does not address the question of whether attorney fees not addressed by the arbitrator but awarded by the trial court under CR 37 should be a part of a MAR 7.3 determination. And *Cormar* is consistent with *Wilkerson.*[4] Damages and prejudgment interest are comparable because the purpose of both is to compensate a party for his or her loss or injury. *See Jones v. Best,* 134 Wn.2d 232, 242, 950 P.2d 1 (1998) ("Prejudgment interest is granted to compensate a party for the loss of use of money to which he was entitled."). CR 37 sanctions, on the other hand, serve the purpose of enforcing compliance with the discovery process. *Johnson v. Jones,* 91 Wn. App. 127, 132-33, 955 P.2d 826 (1998).

---

[3] Tran also distinguishes *Wilkerson* on the basis that the arbitrator did not award attorney fees. It is unclear, and Tran does not explain, how this factual difference affects the applicability of *Wilkerson*'s analysis. Tran also asserts that even applying *Wilkerson,* Yu did not improve her position at trial because the jury's award for special damages was slightly higher than the arbitrator's, but this argument ignores the $1,500 difference in the general damage awards.

[4] *Cormar* was decided six months before *Wilkerson.*

The Supreme Court recently considered a similar question in *Haley v. Highland*, 142 Wn.2d 135, 12 P.3d 119 (2000). In that case, an arbitrator awarded the plaintiff, Haley, $2,500 in damages. After Haley requested a trial de novo, the trial court awarded the same amount of damages, but also awarded attorney fees and costs.[5] The trial court awarded MAR 7.3 attorney fees to Highland, comparing only the compensatory damage awards to conclude that Haley failed to improve his position at trial. Haley appealed. The Supreme Court affirmed because, as in *Christie-Lambert*, the higher judgment was due to the trial court's resolution of a claim which could have been raised, but was not, at arbitration. Although the court did not need to decide whether to adopt *Wilkerson* given the facts of that case, the court noted, "[w]e generally agree with the Court of Appeals' view that only comparables are to be compared." *Haley*, 142 Wn.2d at 154.

▆ In this case, the only issue at arbitration was Tran's damages. The arbitrator awarded $14,675 in compensatory damages ($11,000 in general damages and $3,675 for medical bills). At the conclusion of trial, the jury's award for compensatory damages was $13,375, $1,300 less. Yu improved her position on that issue and under the reasoning of *Wilkerson*, *Christie-Lambert* and subsequent cases, Yu should not be liable under MAR 7.3 for attorney fees. The total judgment after trial de novo exceeded the arbitration award on account of CR 37 sanctions and statutory costs. Neither the statutory costs nor the CR 37 sanctions were before arbitrator. These are not comparable to the compensatory damages awarded by the arbitrator and therefore should not be considered in a MAR 7.3 determination. The

---

[5] The trial court also awarded interest at a lower percentage rate than the arbitrator, but neither party argued that this difference should have affected the MAR 7.3 determination, so the appellate court did not address the issue on appeal.

trial court did not err in concluding that Tran was not entitled to MAR 7.3 attorney fees.[6]

## Attorney Fees on Appeal

Tran seeks fees on appeal. MAR 7.3 allows for an award of costs and fees on subsequent appeals of the trial court's decision. *See Mee Soon Kim v. Pham*, 95 Wn. App. 439, 446-47, 975 P.2d 544 (1999). Because we affirm the trial court's ruling on the motion for MAR 7.3 attorney fees below, Tran is not entitled to fees on appeal.

COLEMAN and ELLINGTON, JJ., concur.

---

[6] Because of our disposition of this case, we do not need to address the issue raised on appeal by Tran concerning the amount of attorney fees she was entitled to and whether to use a multiplier in calculating the amount of fees.