[No. 51863-1-I.   Division One.   December 8, 2003.]

ELLEN R. HUTSON, *Plaintiff*, v. COSTCO WHOLESALE CORPORATION, *Respondent*, REHRIG INTERNATIONAL, INC., *Appellant*.

*Kenneth R. Scearce* (of *Law Offices of Kenneth R. Scearce*), for appellant.

*Tamera L. Williams, Alison H. Killebrew,* and *Jason C. Hawes* (of *Lee Smart Cook Martin & Patterson, P.S., Inc.*), for respondent.

COLEMAN, J. — Rehrig International, Inc., appeals the trial court's denial of its motion for attorney fees. Under MAR 7.3, the party requesting a trial de novo must pay attorney fees if that party does not improve its position at the trial de novo. Rehrig argues that its codefendant, Costco Wholesale Corporation, did not improve its position because both the arbitrator and the jury found that Rehrig was not liable on the plaintiff's claim. Costco argues that it

improved its position because its liability to the plaintiff was reduced by $20,000. We hold that Costco did improve its position and affirm the trial court's ruling because Costco (1) received a reduced damages judgment, (2) did not have a claim against Rehrig, and (3) could not have removed Rehrig from the trial de novo.

## Facts

Ellen R. Hutson sued Costco and Rehrig for personal injuries sustained while using a shopping cart owned by Costco and manufactured by Rehrig. The parties submitted to arbitration under MAR 1.2. The arbitrator found Costco liable for $35,000 in damages and Rehrig not liable. Costco requested a trial de novo. A jury found Costco liable and Rehrig not liable, but reduced the damages to $15,000. Rehrig filed a motion against Costco for attorney fees, expert witness fees, and costs under MAR 7.3. The trial court denied Rehrig's motion. Rehrig filed a timely notice of appeal.

## Standard of Review

Construction of statutes and court rules are issues of law that we review de novo. *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996); *Mei Tran v. Yue Han Yu,* 118 Wn. App. 607, 611, 75 P.3d 970 (2003).

## Discussion

Attorney fees may be awarded only when specifically authorized by statute, agreement of the parties, or under equity. *Christie-Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 301, 693 P.2d 161 (1984). The imposition of attorney fees is mandated by RCW 7.06.060(1) and MAR 7.3 when a party appeals an arbitration ruling and does not improve its position at the trial de novo. RCW 7.06.060(1) provides, "The superior court *shall* assess costs and reasonable attorney fees against a party who appeals

the [arbitration] award and fails to improve his or her position . . . ." (Emphasis added.) The language in MAR 7.3 is nearly identical.[1] The purpose of the mandatory arbitration scheme is to ease court congestion and discourage meritless claims. *Perkins Coie v. Williams*, 84 Wn. App. 733, 737-38, 929 P.2d 1215 (1997).

▮ The term "position" used in RCW 7.06.060(1) and MAR 7.3 "was meant to be understood by ordinary people who, if asked whether their position had been improved following a trial de novo, would certainly answer 'no' in the face of a superior court judgment against them for more than the arbitrator awarded." *Cormar, Ltd. v. Sauro*, 60 Wn. App. 622, 623, 806 P.2d 253 (1991). Here, Costco would certainly answer "yes" if asked whether it improved its position following the trial de novo, as it is now liable for $20,000 less in damages.

Rehrig's first argument is that the improvement of a party's "position" is to be determined relative to the party seeking the fee and not to the overall result of the trial. Costco agrees that the overall trial result is not the relevant consideration. Instead, relying on *Christie-Lambert*, Costco asserts that "attorney fees and costs in multi-party cases . . . are awarded to different parties on the basis of the separate judgments obtained . . . ." *Christie-Lambert*, 39 Wn. App. at 305. The only judgment obtained, and therefore the only basis for comparison, is the judgment Hutson obtained against Costco. While Costco argues that the focus must be on the judgment obtained by Hutson against Costco, Rehrig argues that the court must focus on the relationship between Costco and Rehrig. Rehrig relies on *Sultani v. Leuthy*, 86 Wn. App. 753, 943 P.2d 1122 (1997), *Yoon v. Keeling*, 91 Wn. App. 302, 956 P.2d 1116 (1998), and *Christie-Lambert*, in arguing that the court must consider whether Costco improved its position relative to Rehrig. The situation with Costco, however, is distinguishable from

---

[1] "The court shall assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo." MAR 7.3.

those cases because Costco did not bring claims against Rehrig in either the arbitration or the trial de novo.

*Yoon* is the only Washington case cited that required a codefendant to pay attorney fees to another defendant. In *Yoon*, the only issue at the trial de novo was the apportionment of fault between the codefendants. *Yoon*, 91 Wn. App. at 304. At arbitration, the appealing defendant, Fernau, was apportioned 25 percent of the fault, but at the trial de novo, the jury apportioned 32 percent of the fault to her. *Yoon*, 91 Wn. App. at 304. The parties settled for a lesser damage amount prior to the trial de novo and, thus, even though her percentage of fault increased, Fernau's overall amount owing was less after the trial de novo. Although the amount that she owed the plaintiff was less, the court required her to pay her codefendant's attorney fees and costs because she did not improve her position relative to his claim. *Yoon*, 91 Wn. App. at 306. Costco's situation, however, is fundamentally different from the situation presented in *Yoon* because here the codefendants did not bring affirmative claims against each other. Rehrig argues that this case is controlled by specific language in *Yoon*, stating that "[i]n deciding whether to award attorney fees and costs, the court considers whether the appealing party improved his position relative to the party seeking fees against him." *Yoon*, 91 Wn. App. at 305. Because *Yoon* is distinguishable, this language must be read in light of the distinctions. *Yoon* presupposes that there is a claim between the party seeking fees and the appealing party. Here, there were no claims between Rehrig and Costco. Thus, Costco had no "position" to improve upon relative to Rehrig.

Additionally, Rehrig relies on *Sultani*, where the plaintiff sued four defendants and the arbitrator found the defendants jointly and severally liable for the damages. *Sultani*, 86 Wn. App. at 755-56. One of the defendants requested a trial de novo. *Sultani*, 86 Wn. App. at 756. At trial, the court awarded greater overall damages, but the defendants were found only severally liable. *Sultani*, 86 Wn. App. at 756, 758-59. The plaintiff moved for an award of attorney fees

under MAR 7.3. *Sultani*, 86 Wn. App. at 756. While the overall damage award was greater, the court found that the defendant requesting the trial de novo improved his position because he was no longer jointly and severally liable for the entire judgment amount. *Sultani*, 86 Wn. App. at 758-59. This case is distinguishable from *Sultani* because Rehrig is a codefendant seeking attorney fees from another defendant and, unlike the plaintiff and defendant in *Sultani*, Costco and Rehrig were not litigating claims against each other.

Rehrig also relies on *Christie-Lambert*, where defendant McLeod sought a trial de novo, during which he successfully raised a cross claim for the first time against codefendant Nolan, which improved his overall position. The plaintiff, against whom McLeod had no improvement, sought attorney fees from McLeod. *Christie-Lambert*, 39 Wn. App. at 300. The appellate court held that McLeod was liable for attorney fees even though his overall recovery at the trial de novo improved because the improvement was solely attributable to his successful cross claim against Nolan. *Christie-Lambert*, 39 Wn. App. at 305.

One factor essential to the decision in *Christie-Lambert* was that McLeod could have brought a separate action against the codefendant to adjudicate his claim. Thus, it was not necessary to force the plaintiff through the trial de novo process. Here, Costco's only avenue of relief from the arbitrator's award was through a trial de novo, and thus, Costco should not be forced to pay attorney fees for Rehrig when it reduced its liability to the plaintiff.

Rehrig argues that by not forcing Costco to pay its attorney fees, Costco would have, in effect, limited its appeal, which is not permitted under *Perkins Coie*, 84 Wn. App. at 737. The court in *Perkins Coie* held that a party may not limit the issues to be heard at the trial de novo. *Perkins Coie*, 84 Wn. App. at 737. Rehrig's argument is not persuasive. Rather, the fact that Costco could not have limited its appeal to the issue of damages supports its argument that attorney fees should not be imposed. Costco did not have

any control over the number of defendants the plaintiff decided to sue. Costco could not limit the trial de novo so that Rehrig would not be involved. Costco did not have any mechanism available to dismiss Rehrig from the trial de novo. The fact that Hutson did not prove her claim against Rehrig should not affect Costco's ability to seek a trial de novo without incurring additional liabilities even if it prevailed.

The purpose of the mandatory arbitration system is to ease court congestion and discourage meritless appeals. Here, Rehrig argues that Costco's appeal was meritless despite reducing the damage award by more than 50 percent at the trial de novo. Rehrig's argument is that Costco would have had to shift some of the liability to Rehrig in order for Costco to improve its position.[2] Adopting Rehrig's rule would have the effect of discouraging meritorious appeals and, therefore, would frustrate the purpose of the mandatory arbitration system. Here, Costco improved its position at the trial de novo and is therefore not liable for Rehrig's attorney fees.

Affirmed.

BAKER and APPELWICK, JJ., concur.

---

[2] In response to a question at oral argument, counsel for Rehrig stated that if Costco had reduced its liability to zero, it would not owe attorney fees to Rehrig. This statement is inconsistent with Rehrig's entire argument. Rehrig's argument, when taken to its logical conclusion, would result in Costco owing fees to Rehrig even if Costco reduced its liability to Hutson to zero, unless some portion of fault were shifted to Rehrig. This is an absurd result and would serve to discourage meritorious appeals.