FILED
COURT OF APPEALS
DIVISION II

2013 MAY 29 AM 9: 29

STATE OF WASHINGTON

BY_____
                DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| KENNETH HUNTINGTON, a single man, | No. 42977-2-II |
| Respondent, | |
| v. | |
| JENNIFER A. MUELLER, and "JOHN DOE" MUELLER, wife and husband, and their marital community; | PUBLISHED OPINION |
| Appellants, | |
| And | |
| JACQUELINE HENRY and "JOHN DOE" HENRY, wife and husband, and their marital community, | |
| Defendants. | |

JOHANSON, A.C.J. — Jennifer A. Mueller appeals the superior court's order awarding attorney fees to Kenneth Huntington following a jury trial. After an arbitrator found Mueller to be 100 percent at fault and Jacqueline Henry not at fault for an automobile collision, Mueller requested a trial de novo. After trial, the jury increased Huntington's damage award and equally apportioned fault between Mueller and Henry, resulting in Mueller and Henry's joint and several liability. Mueller argues that the superior court erroneously found that she did not improve her position at trial under RCW 7.06.060(1) and MAR 7.3, thus obligating her to pay Huntington's attorney fees. We reject Mueller's arguments and conclude that because Mueller did not

improve her position at trial as to Huntington, she is responsible for Huntington's attorney fees and costs. We affirm.

## FACTS

In September 2007, Mueller's and Henry's vehicles collided on Highway 101. Huntington was a passenger in Henry's vehicle and was injured. Huntington sued Mueller and Henry, and all parties stipulated to mandatory arbitration.[1] In October 2010, the arbitrator awarded Huntington $50,000 total damages and found that Mueller was 100 percent at fault because Mueller negligently accelerated and caused the collision when Henry had the right of way. The arbitrator found that Henry had no liability to Huntington.

Mueller requested a trial de novo and a jury awarded Huntington $60,161.35 in damages and found Mueller and Henry each 50 percent liable. The trial court entered judgment against Mueller and Henry jointly and severally, and it ordered Mueller to pay Huntington's attorney fees and costs. The court concluded that although Mueller improved her position at trial as to co-defendant Henry, Mueller did not improve her position at trial as to plaintiff Huntington, thus making Mueller responsible for Huntington's attorney fees. The court explained that after the trial Mueller was jointly and severally liable for a judgment greater than the arbitration award and that any potential contribution from Henry was irrelevant under RCW 7.06.060 and MAR 7.3. Mueller appeals.

## ANALYSIS

Mueller argues that the trial court erred by awarding Huntington attorney fees because (1) she improved her position after a trial de novo, (2) she was required to request a trial de novo to

---

[1] The short stipulation does not mention attorney fees.

preserve her right of contribution against her co-defendant, and (3) joint and several liability is not a factor in determining the appropriateness of attorney fees. We disagree.

We review the trial court's application of court rules and statutes authorizing attorney fee awards de novo as a question of law. *Niccum v. Enquist*, 175 Wn.2d 441, 446, 286 P.3d 966 (2012). In Washington, a party may recover attorney fees only when authorized by statute, a recognized ground of equity, or party agreement. *Niccum*, 175 Wn.2d at 446. RCW 7.06.060(1) and MAR 7.3 direct courts to assess costs and reasonable attorney fees "against a party who appeals the [arbitrator's] award and fails to improve" the party's position at the trial de novo.[2]

"Our objective when interpreting a statute is to discern and implement the intent of the legislature. We first attempt to discern the plain meaning of the statute. If a statute is ambiguous, we resort to statutory construction, legislative history, and relevant case law in order to resolve the ambiguity." *Dep't of Transp. v. James River Ins. Co.*, 176 Wn.2d 390, 396, 292 P.3d 118 (2013). Further, we interpret the mandatory arbitration rules as though the legislature drafted them and we construe the rules consistent with their purpose. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). RCW 7.06.060(1) and MAR 7.3's purposes are to ease court congestion, encourage settlement, and discourage meritless appeals. *Niccum*, 175 Wn.2d at 451; *Hutson v. Costco Wholesale Corp.*, 119 Wn. App. 332, 335, 80 P.3d 615 (2003).

---

[2] RCW 7.06.060(1) provides:

> The superior court shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo. The court may assess costs and reasonable attorneys' fees against a party who voluntarily withdraws a request for a trial de novo if the withdrawal is not requested in conjunction with the acceptance of an offer of compromise.

MAR 7.3's language is almost identical and further explains that "[c]osts" means only those trial de novo costs provided for by statute or court rule.

The term "position" used in RCW 7.06.060(1) and MAR 7.3 "'was meant to be understood by ordinary people who, if asked whether their position had been improved following a trial de novo, would certainly answer "no" in the face of a superior court judgment against them for more than the arbitrator awarded.'" *Hutson*, 119 Wn. App. at 335 (quoting *Cormar, Ltd. v. Sauro*, 60 Wn. App. 622, 623, 806 P.2d 253, *review denied*, 117 Wn.2d 1004 (1991)).

Here, the trial court awarded Huntington reasonable attorney fees and costs against Mueller under RCW 7.06.060 and MAR 7.3 because, after trial de novo Mueller failed to improve her position as to Huntington even though she improved her position as to co-defendant Henry. We agree with the trial court that Mueller failed to improve her position after trial de novo.

First, Mueller argues that in a multiparty case where the jury allocated fault, the ultimate amount paid by individual defendants determines if the appealing party improved his or her position, citing *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 304, 693 P.2d 161 (1984). But Mueller misconstrues the *Christie-Lambert* court's holding and reasoning. First, Division One of this court framed the issue very narrowly: "whether MAR 7.3 authorizes assessing attorney fees against the appellant from a mandatory arbitration award who does not improve his position as to an arbitrated claim although his overall position is improved on appeal in a trial de novo *solely because of a cross claim that was served only after the arbitration*." *Christie-Lambert*, 39 Wn. App. at 301 (emphasis added). Mueller's case is factually distinct because here all claims presented at trial had been arbitrated.

Even so, *Christie-Lambert* is instructive. There, Christie-Lambert Van & Storage (Christie-Lambert), a storage and moving company, sued Harriette Nolan and Malcolm McLeod

for unpaid services. *Christie-Lambert*, 39 Wn. App. at 300. The arbitrator awarded Christie-Lambert a judgment amount against each defendant, awarded Christie-Lambert attorney fees and costs against Nolan and McLeod jointly; the arbitrator did not rule on McLeod's cross claim because McLeod did not properly serve Nolan with it. *Christie-Lambert*, 39 Wn. App. at 300. McLeod requested a trial de novo, and the trial court awarded Christie-Lambert judgment against each Nolan and McLeod separately for slightly more than the arbitration award; it also awarded Nolan and McLeod judgments against each other for their respective cross claims, and denied Christie-Lambert attorney fees. *Christie-Lambert*, 39 Wn. App. at 300. Christie-Lambert appealed the denial of its attorney fees and costs. Division One of this court reversed and held that Christie-Lambert was entitled to reasonable attorney fees and costs from McLeod where McLeod appealed the arbitrator's award and did not improve his position as against Christie-Lambert at trial de novo. *Christie-Lambert*, 39 Wn. App. at 299, 305-06. Division One explained

> The interpretation of RCW 7.06.060 and MAR 7.3 that will give effect to the provision's purpose to deter meritless appeals and the act's purpose . . . is that costs and attorney fees shall be assessed against an appellant from . . . arbitration. . . . who does not improve his position in the trial de novo as to a *party whose claim was arbitrated.* . . . [N]ot authorizing an attorney fee award[,] . . . as McLeod argues, would be counter to the statutory purpose of deterring meritless appeals.

*Christie-Lambert*, 39 Wn. App. at 303-04.

Further, Division One explained that McLeod had alternatives to bringing a trial de novo as to all the issues in the case. *Christie-Lambert*, 39 Wn. App. at 304-05. McLeod could have sought trial de novo against only Nolan, thereby relieving Christie-Lambert of the additional expense of a trial de novo. Because McLeod did not do so, the court held that the interests of

fairness demanded that McLeod pay Christie-Lambert's attorney fees and costs. *Christie-Lambert*, 39 Wn. App. at 304.

Similarly, Mueller could have sought trial de novo to determine only the percentage of fault between her and Henry. Doing so would have relieved Huntington of the additional expense of trial. Mueller could not have reasonably believed that the jury would find Huntington at fault for the car accident where Huntington was simply a passenger in Henry's vehicle. Further, Mueller chose to go to a trial de novo on Huntington's damages as well as liability. Thus, under *Christie-Lambert*, and because Mueller had alternatives to a full trial de novo, the interests of fairness underlying RCW 7.06.060 and MAR 7.3 dictates that Mueller should pay Huntington's attorney fees and costs where he incurred the costs of trial de novo, increased his damages award, and where the co-defendants were contesting their relative liability.

Next, Mueller cites *Hutson*, 119 Wn. App. at 335, and argues that because she ultimately paid less in damages to Huntington, she clearly improved her position. But *Hutson* is not on point. In *Hutson*, Division One of this court held that a co-defendant, Costco, was not liable to pay its co-defendant, Rehrig's, attorney fees when Costco improved its position with regard to the plaintiff after trial de novo. *Hutson*, 119 Wn. App. at 338. Division One explained that the facts that formed the basis of its analysis were (1) the plaintiff Ellen Hutson sued both Costco and Rehrig, thus Costco and Rehrig were co-defendants; (2) Costco did not bring any claims against Rehrig so Costco had no "position" to improve relative to Rehrig; and (3) Costco could not limit the trial de novo so that Rehrig would not be involved because Costco did not have any mechanism available to dismiss Rehrig from the trial de novo. *Hutson*, 119 Wn. App. at 335-38. Mueller's case is distinguishable because she was assessed plaintiff's attorney fees, not a co-

6

defendant's attorney fees, and Mueller could have brought the trial de novo against only her co-defendant and not Huntington.

Next, Mueller argues that she had to request a trial de novo against both Huntington and Henry or she would have lost her right to gain contribution from Henry, citing *Sultani v. Leuthy*, 86 Wn. App. 753, 759, 943 P.2d 1122, *review denied*, 134 Wn.2d 1001 (1997). Again we disagree. Nothing in *Sultani* says that Mueller would lose her right to contribution from Henry if she did not request trial de novo against both Henry and Huntington.

In *Sultani*, Division One determined that the defendants were only *severally* liable for the individual amounts that the trial court apportioned to them and were not jointly liable for the total award. *Sultani*, 86 Wn. App. at 758-59. So, because the defendants were all jointly and severally liable after arbitration but were only severally liable after trial de novo, the appealing defendants improved their positions as to the plaintiff and were not responsible for plaintiff's attorney fees and costs. Importantly, Division One determined that the defendants could not have avoided joint and several liability unless they brought a trial de novo. *Sultani*, 86 Wn. App. at 760.

But Mueller's case is unlike *Sultani* because Mueller did not avoid joint and several liability by seeking trial de novo and she did not improve her position as to the plaintiff Huntington. Instead, the trial court's judgment after trial de novo specifically indicated that the parties remained jointly and severally liable for Huntington's damages.

In sum, Mueller improved her position as to Henry after trial de novo when she potentially reduced the amount of her liability because Henry was found partially at fault but Mueller was jointly liable for the larger trial damages awarded Huntington if Henry did not pay

because Huntington's award was joint and several against Mueller and Henry. Even if Mueller ultimately paid Huntington only half of the total judgment, her liability was not satisfied until Henry paid her half. Mueller does not explain why she could not have sought trial de novo against only Henry or why she should avoid responsibility for Huntington's attorney fees when she did not improve her position as to Huntington. Huntington is the party that RCW 7.06.060(1) and MAR 7.3 seek to protect from unnecessary litigation costs.

We conclude that it is unreasonable for Huntington to incur trial de novo attorney fees and costs without reimbursement. Not only was Huntington fault free but, in addition, the jury increased his damage award. Mueller is responsible for Huntington's attorney fees and costs incurred for the trial de novo because Mueller sought trial de novo and did not improve her position as to Huntington. Accordingly, we affirm the trial court's attorney fee and costs award.

## ATTORNEY FEES

Huntington requests attorney fees on appeal as the prevailing party under RAP 18.1, MAR 7.3 and RCW 7.06.060. Courts have interpreted MAR 7.3 to allow the prevailing party to recover attorney fees and costs incurred in superior court and on a subsequent appeal. *Tribble v. Allstate Property & Cas. Ins. Co.*, 134 Wn. App. 163, 174, 139 P.3d 373 (2006); *Brandenberg v. Cloutier*, 103 Wn. App. 482, 485 n.7, 12 P.3d 664 (2000), *review denied*, 143 Wn.2d 1012 (2001). Because Huntington prevails on appeal, he is entitled to recover his appellate attorney fees and costs from Mueller.[3]

---

[3] Also, Huntington argues that we should use the Lodestar multiplier to calculate the appellate fee award. We do not reach the issue of the amount of appellate attorney fees. Instead, according to RAP 18.1(d), within 10 days of this decision, Huntington must serve and file an affidavit detailing the expenses incurred and the services counsel performed. Mueller then has 10 days to object and a commissioner or clerk will determine the award, after a hearing if

No. 42977-2-II

We affirm.

_____
Johanson, A.C.J.

We concur:

_____
Hunt, J.

_____
Quinn-Brintnall, J.

necessary. RAP 18.1(e)-(f). If either party objects to the award, it can file an objection under RAP 18.1(g).

9