[No. 83983-2.   En Banc.]
Argued February 15, 2011.    Decided September 20, 2012.

JEFFERY W. NICCUM, *Respondent*, v. RYAN L. ENQUIST, *Petitioner*.

442

*Marilee C. Erickson* and *Michael N. Budelsky* (of *Reed McClure*) and *David L. Force* (of *Carlson McMahon & Sealby PLLC*), for petitioner.

*Jerry T. Dyreson*, for respondent.

¶1 ALEXANDER, J.[*] — We granted Ryan Enquist's petition to review a decision of the Court of Appeals in which that court affirmed the trial court's award of costs and reasonable attorney's fees to Jeffery Niccum at a trial de novo following mandatory arbitration. The Court of Appeals held that the trial court properly subtracted statutory costs and attorney fees from Niccum's offer of compromise before determining that Enquist failed to improve his position for purposes of MAR 7.3. We reverse the Court of Appeals.

I

¶2 On July 4, 2004, Ryan Enquist drove through a red light at the intersection of North Wall Street and West Francis Avenue in the city of Spokane and collided with Jeffery Niccum's vehicle. Niccum thereafter filed a complaint against Enquist in Spokane County Superior Court. In his suit, he sought special damages for economic loss and

---

[*] Justice Gerry L. Alexander is serving as a justice pro tempore of the Supreme Court pursuant to Washington Constitution article IV, section 2(a).

medical expenses; general damages for pain, suffering, and emotional distress; costs and statutory attorney fees; and "[s]uch other relief as the Court may deem just and equi-table." Clerk's Papers (CP) at 2. The suit proceeded to mandatory arbitration. *See* RCW 7.06.020. The arbitrator awarded Niccum a total of $24,496, consisting of $6,896 for medical expenses, $7,600 for lost wages, and $10,000 for pain and suffering. Enquist filed a timely request for trial de novo.

¶3 Before trial, Niccum presented Enquist with two of-fers of compromise. The first offer was as follows: "COMES NOW Plaintiff, by and through his attorney JERRY T. DYRESON, and pursuant to RCW 7.06.050 does hereby offer to compromise his claim in the amount of $22,000.00. Such compromise is intended to replace the arbitrator's award of $24,496.00 with an award of $22,000.00." CP at 11. Enquist did not accept the offer and so, on July 8, 2008, Niccum made a second offer of compromise. It stated:

> COMES NOW Plaintiff, by and through his attorney, JERRY T. DYRESON, and pursuant to RCW 7.06.050 does hereby offer to compromise his claim in the amount of $17,350.00. Such compromise is intended to replace the arbitrator's award of $24,496.00 and replace the previous offer of compromise, with an award of $17,350.00 *including costs and statutory attorney fees.*

CP at 12 (emphasis added). Enquist rejected this offer as well.

¶4 The matter thus proceeded to a trial de novo in Spokane County Superior Court. On August 14, 2008, the jury returned a verdict for Niccum in the amount of $16,650.00, consisting of $6,650.00 for past medical ex-penses and $10,000.00 for noneconomic damages. Niccum then moved for $15,640.00 in reasonable attorney's fees, $1,016.28 in costs, and $1,461.00 in expert witness ex-penses pursuant to RCW 7.06.060 and MAR 7.3. In support of his motion, Niccum argued that Enquist had failed to

improve his position on trial de novo in relation to Niccum's second offer of compromise. Specifically, Niccum asserted that because the second offer included costs and statutory attorney fees, the trial court had to subtract $1,016.28[1] in costs and fees from the $17,350.00 offer in order to determine the portion of that offer devoted to damages, resulting in a net amount less than the $16,650.00 in damages awarded by the jury.[2]

¶5 The trial court agreed with Niccum and, consequently, awarded him $15,640.00 in "[r]easonable [a]ttorney [f]ees incurred after arbitration date," $1,016.28 in costs, and $1,461.00 in expert witness expenses. CP at 40. Enquist

---

[1] This figure consisted of the following:

| | |
|---|---|
| Filing Fee | $200.00 |
| Service Fee | $52.50 |
| Statutory Attorney Fee | $250.00 |
| Holy Family Records | $62.40 |
| Accelerated Chiropractic Records | $28.80 |
| Advanced Chiropractic Records | $202.85 |
| The Doctors Clinic Records | $51.77 |
| Pearson & Weary Records | $111.63 |
| B&B Physical Therapy | $56.33 |
| | $1,016.28 |

CP at 24.

[2] A note nomenclature is in order. RCW 4.84.010 provides that "there shall be allowed to the prevailing party upon the judgment certain sums for the prevailing party's expenses in the action, which allowances are termed costs." These "costs" include filing fees, service fees, notary fees, the expense of the transcription of depositions used at trial or mandatory arbitration, the expense of obtaining reports and records (e.g., medical records) admitted into evidence, and "[s]tatutory attorney and witness fees." RCW 4.84.010(6). Thus, statutory attorney fees are costs. *See also* RCW 4.84.080(1) ("When allowed to either party, costs to be called the attorney fee, shall be . . . two hundred dollars."). Reasonable attorney's fees, on the other hand, are not "costs" under RCW 4.84.010. Other statutes do include reasonable attorney's fees as costs. *See, e.g.,* RCW 4.84.250 ("there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees"). To avoid confusion, the term "attorney's fees" is used with an apostrophe (possessive) to denote *reasonable* attorney's fees, and the term "attorney fees" without an apostrophe (adjectival) is used to denote *statutory* attorney fees, in keeping with the legislature's general practice. *Compare* RCW 4.84.080 ("attorney fee"), *with* RCW 19.86.090 ("reasonable attorney's fee").

appealed, but the Court of Appeals affirmed. *Niccum v. Enquist*, 152 Wn. App. 496, 215 P.3d 987 (2009).[3] Enquist then petitioned this court for review, and we granted his petition. *Niccum v. Enquist*, 168 Wn.2d 1022, 228 P.3d 18 (2010).

## II

¶6 In Washington, " '[a]ttorney fees may be recovered only when authorized by statute, a recognized ground of equity, or agreement of the parties.' " *Wiley v. Rehak*, 143 Wn.2d 339, 348, 20 P.3d 404 (2001) (alteration in original) (quoting *Perkins Coie v. Williams*, 84 Wn. App. 733, 742-43, 929 P.2d 1215 (1997)). Here, the trial court awarded Niccum reasonable attorney's fees pursuant to MAR 7.3 and RCW 7.06.060. The application of a court rule is a question of law subject to de novo review. Whether a statute authorizes an award of attorney fees is likewise a question of law reviewed de novo. *McGuire v. Bates*, 169 Wn.2d 185, 189, 234 P.3d 205 (2010).

## III

¶7 The question before us is whether it is proper to subtract costs from an offer of compromise that purports to include them before comparing that offer to the jury's award for purposes of MAR 7.3. MAR 7.3 directs courts to "assess costs and reasonable attorney fees against a party who appeals the award and fails to improve the party's position on the trial de novo."[4] RCW 7.06.050(1)(b) provides that "for purposes of MAR 7.3, the amount of the offer of compromise shall replace the amount of the arbitrator's

---

[3] The Court of Appeals stated that the trial court mistakenly subtracted $1,061.28 instead of $1,016.28 from Niccum's second offer of compromise. *Enquist*, 152 Wn. App. at 499. The record, however, consistently states the correct figure of $1,016.28.

[4] RCW 7.06.060(1) says essentially the same thing. "The superior court shall assess costs and reasonable attorneys' fees against a party who appeals the award and fails to improve his or her position on the trial de novo." *Id.*

award for determining whether the party appealing the arbitrator's award has failed to improve that party's position on the trial de novo."

¶8 Enquist contends that the full "amount" of Niccum's $17,350.00 offer of compromise replaced "the amount of the arbitrator's award," with the result that the $16,650.00 verdict represented a $700.00 improvement to Enquist's position. Niccum responds that since his second offer of compromise ostensibly included costs, those costs must be subtracted from the $17,350.00 offer before that offer can be compared to the jury's verdict. He urges us to subtract $1,016.28 in costs from the $17,350.00 offer, leaving just $16,333.72, $316.28 less than the jury's award, and on that basis to award him costs and attorney's fees in addition to the $16,650.00 in damages.

¶9 The Court of Appeals agreed with Niccum. After quoting RCW 7.06.050(1)(b) and MAR 7.3, it observed that a "court's objective in construing a statute is to determine the intent of the legislature," which is "derived from the language of the statute." *Niccum*, 152 Wn. App. at 500 (citing *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005); *State v. Westling*, 145 Wn.2d 607, 610, 40 P.3d 669 (2002)). Unfortunately, the Court of Appeals did not derive its rule "from the language of the statute." It held that "RCW 7.06.050(1)(b) should be read so that any *segregated* amount of an offer must replace an amount in the same category granted under the arbitrator's award." *Id.* at 500-01 (emphasis added). RCW 7.06.050(1)(b) directs courts to "replace" the arbitrator's award with the "amount of the offer of compromise." There is not a word in that statute about subtracting "any segregated amount" from that offer.

¶10 Instead of following the statutory language, the Court of Appeals derived its rule from the doctrine it had developed in prior opinions of "comparing comparables." *See Niccum*, 152 Wn. App. at 501 (citing *Mei Tran v. Yue Han Yu*, 118 Wn. App. 607, 612, 75 P.3d 970 (2003)). By "compare comparables," the court means that compensatory damages

should be compared to compensatory damages, not to compensatory damages plus costs. *See id.* The court's reliance on this doctrine in preference to the plain language of the statute is problematic for several reasons. First, this court has not adopted the doctrine of comparing comparables.[5] Second, none of these prior cases involving the doctrine of comparing comparables addressed postarbitration offers of compromise; the courts in those cases were simply asked to compare a party's position after arbitration to its position after trial de novo. *See Tran,* 118 Wn. App. at 610-11; *Wilkerson v. United Inv., Inc.,* 62 Wn. App. 712, 715-16, 815 P.2d 293 (1991); *Christie-Lambert Van & Storage Co. v. McLeod,* 39 Wn. App. 298, 300, 693 P.2d 161 (1984). Thus, the cases do not settle the question of whether the jury's award should be compared to something less than the full "amount of the offer of compromise" under RCW 7.06.050(1)(b).

¶11 Even accepting the doctrine of comparing comparables, it is still improper to subtract costs from an offer of compromise. That is so because a party is not entitled to costs in connection with an offer of compromise, the legislature having made this abundantly clear in RCW 7.06-.060(1), which states that a "court may assess costs and reasonable attorneys' fees against a party who voluntarily withdraws a request for a trial de novo *if the withdrawal is not requested in conjunction with the acceptance of an offer of compromise.*" (Emphasis added.) In other words, if a party makes an offer of compromise, and that offer is accepted, the party cannot recover costs by court order.

¶12 Furthermore, the costs statute, RCW 4.84.010, provides that "there shall be allowed to the prevailing party *upon the judgment* certain sums for the prevailing party's

---

[5] In *Haley v. Highland,* 142 Wn.2d 135, 154, 12 P.3d 119 (2000), we said, "We generally agree with the Court of Appeals' view that only comparables are to be compared," but we pointed out that it was unnecessary to decide whether to adopt the view expressed in *Wilkerson v. United Investment, Inc.,* 62 Wn. App. 712, 815 P.2d 293 (1991), that "attorney fee awards have no place in making an MAR 7.3 determination."

expenses in the action, which allowances are termed costs."[6] (Emphasis added.) RCW 7.06.050(1) provides, in turn, that "the arbitrator shall file his decision and award with the clerk of the superior court" and that "[w]ithin twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court." Finally, RCW 7.06.050(2) provides:

> *If no appeal has been filed* at the expiration of twenty days following filing of the arbitrator's . . . award, *a judgment shall be entered* and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions.

(Emphasis added.) Thus, if a party appeals the arbitrator's award, the award is not reduced to judgment, meaning that the party prevailing at arbitration is not entitled to costs, at least, not before the entry of judgment on trial de novo.[7]

¶13 Niccum concedes that he was not entitled to costs on account of Enquist's request for trial de novo but insists that he was "not required to waive such costs in order to make an appropriate offer of compromise." Resp't's Suppl. Br. at 5. In other words, he should be free to ask Enquist for costs even though he could not prevail on the court to award them. Niccum misses the significance of the fact that the arbitrator's award was not reduced to judgment. Costs are only "allowed to the prevailing party upon the judgment." RCW 4.84.010. "In general, a prevailing party is one who receives an affirmative *judgment* in his or her favor." *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997) (emphasis added). Thus, when a party appeals the arbitrator's award, not only is there no judgment, there is also no "prevailing

---

[6] The legislature amended RCW 4.84.010 in 2009, eliminating the words "by way of indemnity" following "there shall be allowed to the prevailing party upon the judgment certain sums." LAWS OF 2009, ch. 240, § 1.

[7] This accounts for the fact that the arbitrator in this case did not award Niccum costs, even though Niccum requested costs and statutory attorney fees.

party" for purposes of RCW 4.84.010.[8] Since Niccum did not enjoy "prevailing party" status, he did not have the right to include costs in his offer of compromise.

¶14 Niccum's position rests on the premise that an offer of compromise that purports to include costs actually does so. There is, however, no statutory justification for segregating an offer of compromise into separate amounts corresponding to damages and costs. A party may ask for an extra $1,000 in an offer of compromise to cover its expenses, but those dollars do not constitute "costs" as that term is defined in RCW 4.84.010, i.e., sums "allowed to the prevailing party upon the judgment." They are just dollars. Thus, comparing the jury's $16,650 award to Niccum's $17,350 offer of compromise does not involve a comparison of damages to damages plus costs, as Niccum suggests, but rather a comparison of damages to the lump sum that he offered to accept in exchange for settling the lawsuit.

¶15 The fact that a party is unable to include costs in an offer of compromise does not mean that the benefits of prevailing at arbitration will be extinguished by a request for a trial de novo. Although a request for trial de novo prevents the party that prevailed at arbitration from seeking statutory costs, it does not prevent that party from considering its expenses when deciding what amount it is willing to accept in settlement. More importantly, if the same party prevails at trial de novo, it is entitled to costs for

---

[8] Notably, the legislature added a new section to chapter 4.84 RCW in 2009, which provides a definition of "prevailing party." LAWS OF 2009, ch. 240, § 2. RCW 4.84.015 now provides in part:

"(1) In any civil action for the recovery of money only, the plaintiff will be considered the prevailing party for the purpose of awarding costs, including a statutory attorney fee, if: (a) The defendant makes full or partial payment of the amounts sought by the plaintiff prior to the entry of judgment; and (b) before such payment is tendered, the plaintiff has notified the defendant in writing that the full or partial payment of the amounts sued for might result in an award of costs.

". . . .

"(4) This section may not be construed to (a) authorize an award of costs *if the action is resolved by a negotiated settlement* or (b) limit or bar the operation of cost-shifting provisions of other statutes or court rules." (Emphasis added.)

both actions, whether the other party improves its position or not. In that regard, RCW 7.06.060(3) provides:

> If the prevailing party in the arbitration also prevails at the trial de novo, even though at the trial de novo the appealing party may have improved his or her position from the arbitration, this section does not preclude the prevailing party from recovering those costs and disbursements otherwise allowed under chapter 4.84 RCW, for both actions.

That is precisely what happened here. Although Enquist improved his position, Niccum is entitled to recover the costs associated with mandatory arbitration as well as the costs associated with trial de novo. He has not lost the benefit of prevailing at arbitration.

¶16 The dissent is untroubled by the "lack of a statutory entitlement to costs," asking why this should prevent a party from including costs in an offer of compromise if it sees fit to do so. Dissent at 455. The answer is that the "lack of a statutory entitlement" leaves a court with no basis for giving effect to the inclusion of costs in the offer. Ignoring this defect, the dissent maintains that Niccum was "free to make any offer of compromise he wanted," gesturing toward some sort of freedom of contract theory. *Id.* The problem, of course, is that there was no contract. There was an offer, to be sure, but no acceptance. Indeed, RCW 7.06.050(1)(b) is triggered only when "an offer of compromise is *not* accepted." (Emphasis added.) No private bargain makes the terms of Niccum's offer of compromise enforceable against Enquist. They are given legal effect only by statute. Niccum, therefore, must be able to point to some statutory authority for the inclusion of costs in his offer of compromise before a court is justified in reducing the amount of that offer and, on that basis, awarding costs and reasonable attorney fees against the party that rejected it.

¶17 Past decisions have recognized that the purpose of MAR 7.3 is to encourage settlement and discourage meritless appeals. *E.g.*, *McLeod*, 39 Wn. App. at 303. The dissent's approach, however, would frustrate the ability of

parties to make a reasoned determination of whether accepting an offer is in their best interest. Confronted with an offer purporting to contain unspecified costs, a party will have difficulty determining what position it must improve upon to avoid paying reasonable attorney's fees if it elects to continue to trial. Indeed, it is not entirely clear whether the figure Niccum provided the trial court for his "costs," $1,016.28, is limited to expenses incurred for arbitration. We doubt that the dissent would be able to say what portion of Niccum's offer consisted of damages and what portion (supposedly) consisted of costs. Such uncertainty might encourage settlement, but at the cost of meritorious claims as well as meritless ones. The sorting out of offers after the fact, moreover, is likely to increase rather than decrease litigation. This appeal is a case in point.

## Conclusion

¶18 We decline to read RCW 7.06.050(1)(b) "so that any segregated amount of an offer must replace an amount in the same category granted under the arbitrator's award." *Niccum*, 152 Wn. App. at 500-01. The statute was "meant to be understood by ordinary people," *Cormar, Ltd. v. Sauro*, 60 Wn. App. 622, 623, 806 P.2d 253 (1991). It is our view that an ordinary person would consider that the "amount" of an offer of compromise is the total sum of money that a party offered to accept in exchange for settling the lawsuit. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 72 (2002) ("**amount** . . . **1 a :** the total number or quantity"). The amount of Niccum's second offer of compromise was $17,350. A jury later awarded Niccum $16,650. That award is $700 less than the "amount of the offer of compromise." RCW 7.06.050(1)(b). A straightforward application of the statutory language shows that Enquist improved his position on trial de novo. We hold, therefore, that Niccum is not

entitled to reasonable attorney's fees. The Court of Appeals erred in concluding otherwise and is reversed.

MADSEN, C.J.; OWENS and J.M. JOHNSON, JJ.; and DWYER, J. PRO TEM., concur.

¶19 CHAMBERS, J. (dissenting) — I would affirm the Court of Appeals. The majority reasons, according to its statutory interpretation, once an arbitration award is appealed by the filing of a request for a trial de novo, no costs from the arbitration exist that can be included in an offer of compromise. But the statute providing for offers of compromise does not limit how offers of compromise are made or what parties may include within their offer. I disagree with the majority's rationale and therefore dissent.

¶20 The issue in this case is whether the trial court properly considered Jeffery Niccum's inclusion of statutory costs in his offer of compromise in determining whether Ryan Enquist improved his position under MAR 7.3 and RCW 7.06.060(1). Enquist contends that the total amount of Niccum's second offer of compromise, $17,350.00, replaced the arbitrator's award of $24,496.00 and, therefore, by obtaining a $16,650.00 verdict on trial de novo, he improved his position by $700.00. Niccum responds that since the second offer expressly included "costs and statutory attorney fees," these costs must be taken into account and subtracted from the $17,350.00 offer before that offer can be properly compared to the jury's verdict, which consisted exclusively of damages. If $1,016.28 in costs is subtracted from the second offer, the net result, $16,333.72, is smaller than the jury verdict, meaning that Enquist did not improve his position.

¶21 Determining whether or not a party requesting trial de novo has failed to improve that party's position is not always a simple task. There may be multiple parties and multiple claims, counterclaims, and cross claims. *See, e.g.,*

*Sultani v. Leuthy*, 86 Wn. App. 753, 943 P.2d 1122 (1997); *Christie-Lambert Van & Storage Co. v. McLeod*, 39 Wn. App. 298, 693 P.2d 161 (1984). Simply looking at the dollar amount awarded by an arbitrator may be deceiving because some damages, such as accrued interest, will continue to accumulate. *See Cormar, Ltd. v. Sauro*, 60 Wn. App. 622, 806 P.2d 253 (1991) (including award at trial de novo of prejudgment interest in determining that party improved its position). It is possible that after arbitration some parties or some claims will settle while others will not. The court must consider all factors in determining whether a party has achieved a better result at the trial de novo.

¶22  RCW 7.06.050(1) provides that "the arbitrator shall file his or her decision and award with the clerk of the superior court" and "[w]ithin twenty days after such filing, any aggrieved party may file with the clerk a written notice of appeal and request for a trial de novo in the superior court on all issues of law and fact." RCW 7.06.050(2) states that "[*i*]*f no appeal has been filed* at the expiration of twenty days following filing of the arbitrator's decision and award, *a judgment shall be entered* and may be presented to the court by any party, on notice, which judgment when entered shall have the same force and effect as judgments in civil actions." (Emphasis added.) Upon entry of judgment, Niccum would have been awarded taxable costs. But, if a party appeals the arbitrator's award by requesting a trial de novo, the arbitrator's award is not reduced to judgment, and thus the prevailing party at arbitration is not statutorily entitled to costs, at least not before the entry of judgment on the trial de novo.

¶23  Niccum acknowledges that he was not entitled by statute to costs on mandatory arbitration, but only because Enquist requested a trial de novo. Niccum argues consideration of costs was nevertheless implicit in his offer to settle:

> Had [Enquist] not appealed the mandatory arbitration award such witness fees and costs would have been allowed by [the] superior court and in addition to the arbitration award

> Mr. Niccum would have been entitled to recover the costs awarded. However, *because such award was appealed, the opportunity for entry of an award for costs was not available to Mr. Niccum.*

Resp't's Suppl. Br. at 5 (emphasis added). Niccum contends that since he would have been entitled to costs following the arbitration had there been no request for a trial de novo, he was "not required to waive such costs in order to make an appropriate offer of compromise" just because a request for a trial de novo was filed. *Id.* Niccum argues that by its plain language the second offer of compromise included "those costs which were properly awardable after the arbitration hearing had there not been an appeal." *Id.*

¶24 The majority, following Enquist's argument, does not meaningfully dispute that Niccum intended to include both damages and costs in making the offer. It merely contends that Niccum was not entitled to any costs after the request for a trial de novo and therefore was precluded from including costs in his offer of compromise. But the latter proposition does not necessarily follow from the former. Had Enquist not appealed or had he abandoned the appeal, Niccum would have been entitled to reduce the arbitration award to judgment and the judgment would have included costs. Niccum's offer of compromise, in essence, was an offer to induce Enquist to abandon his appeal. Nowhere does the majority satisfactorily explain why lack of a statutory entitlement to costs at the particular moment in time that Niccum made his offer precludes the right to include costs in an offer of compromise. Niccum was free to make any offer of compromise he wanted. There is nothing in the statutory language or scheme that suggests otherwise. The legislature, having provided for statutory costs to a prevailing party at arbitration,[9] would surely have been clear if the benefits of prevailing at arbitration were to be extinguished by a request for a trial de novo. *See State v.*

---

[9] *Compare* RCW 7.06.050(2), *with* RCW 4.84.010.

*Edwards,* 104 Wn.2d 63, 68, 701 P.2d 508 (1985) (courts should not add or subtract language from a statute unless required to make the statute rational).

¶25 I am not suggesting that costs should be considered if no offer of compromise were made or if an offer contained no reference to costs. But that did not happen here. Niccum made two offers of compromise. The first was for $22,000.00 and made no reference to costs. Clerk's Papers (CP) at 11. The second was for $17,350.00, "including costs and statutory attorney fees." CP at 12. To determine whether Enquist failed to improve his position by refusing to accept the last offer, the court must determine what exactly was offered in the offer to compromise. The offer included costs, and those could only have been the costs to which Niccum would have been entitled upon entry of judgment after arbitration. I would hold that the trial court in this case correctly took those costs into account in making its determination.

¶26 Because I disagree with the majority that the mandatory arbitration statute precludes Niccum from including costs in his offer of compromise, I dissent.

C. JOHNSON, STEPHENS, and WIGGINS, JJ., concur with CHAMBERS, J.

Reconsideration denied November 29, 2012.