# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CHRISTA MCKILLOP, an individual, | ) | No. 73134-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT E. CARPINE, a deceased individual, | ) ) ) | |
| | ) | |
| Appellant. | ) | FILED: February 8, 2016 |
| | ) | |

LEACH, J. — In a damage action where the amount pleaded is $10,000 or less, a party seeking relief is considered to be the prevailing party when her recovery equals or exceeds the amount she offered in settlement. The party resisting relief prevails if the party seeking relief recovers nothing or less than the resisting party offered in settlement. Here, each party claims to have prevailed, entitling it to a fee award. We conclude that neither party has shown it prevailed.

Christa McKillop offered to accept $15,392 to settle her personal injury claim, segregated $2,400 to general damages, $2,600 to special damages, and $10,392 to attorney fees and costs. A jury awarded her $8,500. Because McKillop's total settlement offer exceeds the amount the jury awarded, the trial court erred in awarding her attorney fees.

The Estate of Robert E. Carpine (Estate) made a CR 68 offer of $10,000, more than McKillop's jury award. On appeal, it contends that it prevailed, entitling it to fees. Because the Estate made a CR 68 offer of judgment, its offer necessarily included McKillop's accrued costs. Because the Estate makes no claim that its offer exceeded the jury award plus costs accrued at the time of its offer, the Estate fails to show that it prevailed. Thus, its claim for fees fails.

FACTS

Christa McKillop sued the Estate for injuries and damages sustained in a car accident. McKillop filed a statement of arbitrability. Before the arbitration hearing, McKillop served the Estate with a statement of damages, requesting a total of $10,000. McKillop then made a settlement offer under RCW 4.84.250, agreeing to accept a total of $15,392, segregated $2,400 to general damages, $2,600 to special damages, and $10,392 to attorney fees and costs.

Pursuant to CR 68, the Estate offered to settle for $10,000, "inclusive of all claims for damages and all costs and attorneys' fees incurred." The parties did not settle.

The arbitrator awarded McKillop $5,272.06, comprised of $2,772.06 in economic damages and $2,500.00 in noneconomic damages. The arbitrator denied both parties' requests for attorney fees.

Unsatisfied with her arbitration result, McKillop asked for a trial de novo under MAR 7.1.

A superior court jury returned a verdict of $8,500.00, awarding $2,772.06 for economic damages and $5,727.94 for noneconomic damages. McKillop then requested $94,624.85 in costs and attorney fees under RCW 4.84.250. She claimed to be the prevailing party because the jury verdict of $8,500.00 exceeded the $5,000.00 part of her $15,392.00 settlement offer allocated to her underlying damage claim.

The Estate responded with its own motion for attorney fees and costs under RCW 4.84.290. The Estate claimed it prevailed because its $10,000 settlement offer exceeded the jury's verdict of $8,500.

The trial court entered judgment in favor of McKillop in the amount of $8,500.00 plus attorney fees and costs in the reduced amount of $65,000.00. The Estate has appealed the trial court's decision on fees and costs. McKillop has cross appealed the trial court's decision to reduce her requested attorney fees.[1]

---

[1] The Estate moved this court to strike portions of McKillop's reply brief because it included arguments made in response to the Estate's direct appeal rather than the Estate's response to McKillop's cross appeal. Because we do not consider any matters improperly raised by the parties, we deny the motion.

ANALYSIS

Usually, litigants must pay for their own legal expenses.[2] However, RCW 4.84.250 through .290 authorizes a trial court to award attorney fees to the prevailing party in damage actions where, as here, the party seeking relief requests $10,000 or less.[3] The plaintiff is the "prevailing party" when her recovery, exclusive of costs, "is as much as or more than the amount offered in settlement by the plaintiff."[4] The defendant is considered the "prevailing party" for purposes of RCW 4.84.250 if the plaintiff recovers nothing or a sum not exceeding that offered by the defendant in settlement.[5]

RCW 4.84.250 through .290 encourages out-of-court settlements, penalizes parties who unjustifiably bring or resist small claims, and enables

---

[2] Cosmo. Eng'g Grp., Inc. v. Ondeo Degremont, Inc., 159 Wn.2d 292, 296, 149 P.3d 666 (2006).

[3] RCW 4.84.250 states,
[I]n any action for damages where the amount pleaded by the prevailing party as hereinafter defined, exclusive of costs is [ten thousand dollars] or less, there shall be taxed and allowed to the prevailing party as a part of the costs of the action a reasonable amount to be fixed by the court as attorneys' fees.

[4] RCW 4.84.260.

[5] RCW 4.84.270 provides,
The defendant, or party resisting relief, shall be deemed the prevailing party within the meaning of RCW 4.84.250, if the plaintiff, or party seeking relief in an action for damages where the amount pleaded, exclusive of costs, is equal to or less than the maximum allowed under RCW 4.84.250, recovers nothing, or if the recovery, exclusive of costs, is the same or less than the amount offered in settlement by the defendant, or the party resisting relief, as set forth in RCW 4.84.280.

parties to pursue meritorious small claims without seeing the award swallowed up by the expense of paying an attorney.[6]

McKillop and the Estate each claim to be the prevailing party for the same reasons each asserted in the trial court.

McKillop also contends that the Estate cannot challenge her fee recovery on appeal because it failed to contest her motion for attorney fees below. But the Estate filed a motion claiming that it prevailed and should be awarded fees. In the context of this case, only one party could be the prevailing party as defined in the applicable statutes. By claiming to be the prevailing party, the Estate necessarily denied that McKillop was.

This court reviews de novo a trial court's decision that a statute authorizes an award of attorney fees.[7]

Plaintiff McKillop's Offer To Settle

Pursuant to RCW 4.84.250, McKillop offered to settle her claims for a total of $15,392.00. Her offer stated,

> Pursuant to RCW 4.84.250, *et seq*[.], Plaintiff Christa McKillop offers to settle her claims against Defendant Personal Representative of the Estate of Robert E. Carpine for the following amounts:

> 1. General Damages (pain, suffering, inconvenience) $2,400.00

---

[6] Beckmann v. Spokane Transit Auth., 107 Wn.2d 785, 788, 733 P.2d 960 (1987).

[7] Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

2. Special Damages (medical expenses and loss of earnings)
$2,600.00
3. Attorney's Fees and Costs (as of the date of this notice)
$10,392.00
TOTAL SETTLEMENT OFFER      $15,392.00

If the offer is not accepted, Plaintiff will seek an award of reasonable attorney's fees and costs pursuant to RCW 4.84.250 and RCW 4.84.260 if she prevails at the arbitration.

McKillop contends that we should decide if she was the prevailing party by comparing the amount her offer allocated to general and special damages, $5,000, with the amount the jury awarded for those claims, $8,500.[8] Because the amount the jury awarded for these claims exceeded the amount McKillop allocated to them, she claims that she recovered more than she offered in settlement, entitling her to recover attorney fees.

But our Supreme Court rejected a similar approach in analogous circumstances in Niccum v. Enquist.[9] There, after obtaining an unfavorable arbitration award of $24,496, defendant Enquist requested a trial de novo. Before trial, plaintiff Niccum offered to settle the case for $17,350 "including costs and statutory attorney fees."[10] This amount replaced the arbitration award for purposes of applying RCW 7.06.060(1). This statute requires that the superior

---

[8] In response to questions at oral argument, McKillop stated that had the Estate tendered $5,000 in response to her total settlement offer, she would not have accepted that amount as settlement.

[9] 175 Wn.2d 441, 286 P.3d 966 (2012).

[10] Niccum, 175 Wn. 2d at 444.

court assess costs and reasonable attorney fees against a party who asks for a trial de novo and does not improve his or her position at trial.

Enquist rejected Niccum's offer to settle. The jury awarded Niccum $16,650.00 in damages.[11] The trial court awarded Niccum statutory costs of $1,016.28.[12] Niccum's offer of compromise included costs and statutory attorney fees. Therefore, Niccum contended that the trial court had to subtract $1,016.28 in costs from his $17,350.00 offer of settlement and compare the result, $16,333.72, with the jury verdict of $16,650.00 to determine if Enquist had improved his position at trial.[13] The trial court agreed and reduced the compromise amount by the costs it awarded. Niccum's recovery at trial exceeded this reduced amount.[14] This meant that Enquist had not improved his position at trial and was liable for attorney fees and costs. The trial court then awarded attorney fees and costs to Niccum under RCW 7.06.060(1).[15] Division Three affirmed.[16]

Our Supreme Court reversed. It described the issue before it as whether a trial court should subtract costs from an offer of compromise that states it

---

[11] Niccum, 175 Wn.2d at 444.
[12] Niccum, 175 Wn.2d at 444-45.
[13] Niccum, 175 Wn.2d at 445.
[14] Niccum, 175 Wn.2d at 445.
[15] Niccum, 175 Wn.2d at 445.
[16] Niccum v. Enquist, 152 Wn. App. 496, 501-02, 215 P.3d 987 (2009).

includes them before comparing that offer with a jury's award.[17] It held that costs should not be subtracted before the court makes the comparison. Instead, the trial court should compare the total amount of the offer of compromise with the jury award.

The Supreme Court noted that Niccum was not entitled to costs at the time of his offer, only upon entry of judgment.[18] It further noted the absence of any statutory authority for segregating an offer of compromise into separate amounts corresponding to damages and costs.[19] In the absence of this statutory authority, a court may not reduce an offer of compromise by costs purportedly included and then rely on the reduced amount as a basis for awarding fees and costs against the party who rejected the offer.[20] Despite the segregation, the trial court had to treat the offer of compromise as a lump sum offer.

Similarly, McKillop has not identified any statutory authority for segregating her settlement offer into separate amounts corresponding to damages and costs. She had no entitlement to costs at the time of her offer. As in Niccum, in the absence of this statutory authority and entitlement to costs, the trial court had "no basis for giving effect to the inclusion of costs in the offer."[21]

---

[17] Niccum, 175 Wn.2d at 446.
[18] Niccum, 175 Wn.2d at 449.
[19] Niccum, 175 Wn.2d at 450.
[20] Niccum, 175 Wn.2d at 451.
[21] Niccum, 175 Wn.2d at 451.

McKillop offered to settle for $15,392. The trial court had no basis for reducing this amount before comparing it to the jury award. Because the settlement offer exceeded the jury verdict, McKillop is not entitled to fees under RCW 4.84.260. The trial court erred in awarding those fees.

## The Estate's CR 68 Offer of Judgment

The Estate made a CR 68 offer of judgment for $10,000, including attorney fees and costs. The Estate contends that it is entitled to attorney fees because McKillop recovered less than $10,000. McKillop responds that a CR 68 offer of judgment cannot be made in an offer of compromise to settle an arbitration case.[22] Because of our resolution of the Estate's claim, we do not decide this issue or if an offer called a CR 68 "Offer of Judgment" qualifies as a settlement offer under RCW 4.84.250.

CR 68 provides in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against [him] with costs then accrued. . . . If [the offer is not accepted and] the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

---

[22] See Tippie v. Delisle, 55 Wn. App. 417, 420-21, 777 P.2d 1080 (1999), where the court held that a party who rejects a CR 68 offer and then obtains less than the offer at trial cannot be considered a prevailing party under RCW 4.84.030.

(Emphasis added.) Thus, the Estate's CR 68 offer of judgment included costs accrued by McKillop at the time of the offer. Unlike RCW 4.84.250, the text of the rule provides a basis for a trial court to add accrued costs to a jury award for purposes of comparing the offer of judgment with the judgment finally obtained.

RCW 4.84.250 defines reasonable attorney fees recoverable under it as costs. The Estate makes no claim that its offer is more favorable than the sum of McKillop's jury award and costs, including reasonable attorney fees, accrued at the time of its offer. As a result, the Estate's claim for attorney fees and costs fails.

Because McKillop is not the prevailing party, her cross appeal requesting additional attorney fees necessarily fails. Both parties request attorney fees on appeal under RCW 4.84.250. Because neither party prevails, neither is entitled to attorney fees or costs on appeal.

Conclusion

Because the total amount of McKillop's segregated settlement offer exceeds the amount the jury awarded, the trial court erred in awarding her attorney fees. We reverse the trial court's award of attorney fees to McKillop. Because the Estate does not show that the value of its offer of judgment

exceeded the sum of McKillop's jury award and accrued cost, we deny its claim for attorney fees.

Leach, J.

WE CONCUR:

Dwyer, J.

Schindler, J.