# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GENEVA LANGWORTHY,

        Appellant,

        v.

KRISTINA LYNN POLLARD,

        Respondent.

DIVISION ONE

No. 81388-9-I

UNPUBLISHED OPINION

DWYER, J. — Gevena Langworthy appeals from an order of the Whatcom County Superior Court dismissing her complaint against Kristina Pollard in a dispute regarding ownership of a dog. Langworthy contends that the trial court erred by (1) determining collateral estoppel barred her claims, (2) dismissing her complaint for failure to state a claim, and (3) failing to accommodate her disability. Finding no error, we affirm.

I

Geneva Langworthy relinquished her service dog to Alternative Humane Society (AHS) in May 2019. Hours after leaving the dog in the possession of AHS, Langworthy changed her mind and asked AHS to return the dog. AHS declined to do so. Langworthy then filed suit against AHS seeking return of the dog. On November 15, 2019, the trial court granted summary judgment dismissal of Langworthy's claims against AHS and granted declaratory judgment

in favor of AHS, concluding that AHS owned the dog. Langworthy appealed to this court and we affirmed the trial court's decision.[1]

In December 2019, Kristina Pollard adopted the dog from AHS. In January 2020, while Langworthy's appeal in her case against AHS was pending, she saw Pollard walking the dog in Bellingham. Langworthy demanded that Pollard return the dog to her. The women argued briefly. Pollard then entered a nearby business and contacted law enforcement. Langworthy left the area before law enforcement arrived.

Langworthy then filed this lawsuit against Pollard in Whatcom County Superior Court, again seeking possession of the dog. Pollard filed a motion to dismiss. The trial court concluded that litigation regarding Langworthy's ownership of the dog was collaterally estopped by a judicial determination in a previous case and that Langworthy had failed to state a valid cause of action. Accordingly, the trial court granted Pollard's motion to dismiss.

Langworthy appeals.

II

Langworthy contends that the trial court erred by concluding that her claims premised on her ownership of the dog were barred by collateral estoppel. We disagree.

Collateral estoppel, or issue preclusion, is an equitable doctrine that precludes relitigation of an issue decided in a prior proceeding. Weaver v. City of Everett, 194 Wn.2d 464, 472-73, 450 P.3d 177 (2019). The applicability of this

---

[1] Langworthy v. Alternative Humane Soc'y, No. 80754-4-I (Wash. Ct. App. Nov. 2, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/807544.pdf.

doctrine is a question of law that we review de novo. Weaver, 194 Wn.2d at 473 (citing Christensen v. Grant County Hosp. Dist. No. 1, 152 Wn.2d 299, 305, 96 P.3d 957 (2004)). The party asserting collateral estoppel must establish the following four elements:

> "(1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied."

Weaver, 194 Wn.2d at 474 (quoting Christensen, 152 Wn.2d at 307). "For collateral estoppel to apply, the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate its case in a prior proceeding." Weaver, 194 Wn.2d at 473-74 (citing Hanson v. City of Snohomish, 121 Wn.2d 552, 561, 852 P.2d 295 (1993)).

Pollard established all four of the prerequisites for the application of collateral estoppel to Langworthy's claim of ownership of the dog.[2] In the 2019 case, a judge determined that the dog does not belong to Langworthy because she relinquished her right to the dog under a contract with AHS. There is no injustice in barring Langworthy from relitigating this previously decided issue, as she had a full opportunity to litigate the issue in 2019, and took advantage of that opportunity, including taking an appeal to this court. As we then explained:

> Langworthy had a fair opportunity to present evidence to the court in opposition to AHS's motion for summary judgment and declaratory judgment.

---

[2] Langworthy argues in her briefing that the third criterion is not met because Pollard and AHS are not the same party. However, Langworthy is the party against whom collateral estoppel is being asserted. She was a party to both proceedings.

Langworthy, No. 80754-4, slip op. at 14.

The trial court correctly determined that collateral estoppel bars consideration of whether Langworthy owns the dog.

III

Langworthy next asserts that the trial court erred by dismissing her complaint for failure to state a claim upon which relief can be granted. This is so, she argues, because "[o]bviously, torts are claims upon which relief can be granted." Because Langworthy's tort claims relied on the premise that Langworthy owned the dog, she is incorrect.

Pursuant to CR 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." We review a trial court's decision to dismiss pursuant to CR 12(b)(6) de novo. Gaspar v. Peshastin Hi–Up Growers, 131 Wn. App. 630, 634, 128 P.3d 627 (2006). For purposes of a CR 12(b)(6) motion, we presume the plaintiff's allegations in the complaint to be true. Cutler v. Phillips Petrol. Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994). Moreover, in determining whether dismissal is warranted, we may consider hypothetical facts outside of the record. Burton v. Lehman, 153 Wn.2d 416, 422, 103 P.3d 1230 (2005). Dismissal under CR 12(b)(6) is proper when "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" Lawson v. State, 107 Wn.2d 444, 448, 730 P.2d 1308 (1986) (internal quotation marks omitted) (quoting Bowman v. John Doe Two, 104 Wn.2d 181, 183, 704 P.2d 140 (1985)).

The allegations made by Langworthy that do not rely on Langworthy's ownership of the dog—an issue we have explained is barred by collateral estoppel—are of violations of the criminal code.[3] Langworthy's claims to recover property she did not own were not claims that could entitle her to relief. The trial court properly granted Pollard's motion to dismiss for failure to state a claim upon which relief can be granted.

IV

Langworthy next contends that the trial court failed to accommodate her disability. This is so, she argues, because the trial court incorrectly applied GR 33 when it denied her request for counsel to be appointed to accommodate her disability. We disagree.

We review application of a court rule de novo. Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012). GR 33 requires that a court service be readily accessible to a person with a disability. GR 33(a)(1). However, GR 33 (c)(2)(D) allows for a request for accommodation to be denied if "the requested accommodation would create an undue financial or administrative burden for the court."

The trial court's written decision explains that Langworthy's request for counsel was denied

> because the Court lacks the resources to appoint counsel for [Langworthy] at the Court's expense. The Court's financial resources are limited, particularly regarding appointment of counsel. The Court prioritizes, as it must, those cases in which appointment of counsel is required by law and in which a right recognized by the constitution as a fundamental right is at issue.

---

[3] On appeal, Langworthy does not contend that these criminal provisions create a private cause of action. Accordingly, we consider any such argument to be abandoned.

For this reason the Court is not able to appoint counsel for [Langworthy] in [her] pending litigation.

Given that the rule explicitly states that the trial court may deny requests that would unduly financially burden the court, this was a permissible reason to deny Langworthy's accommodation request.[4]

Affirmed.

Duyn, J.

WE CONCUR:

Brennan, J.        Smith, J.

---

[4] Langworthy also contends that declining to appoint counsel as a disability accommodation denied her right to procedural due process. To establish a violation of the due process clause, Langworthy must identify state action that deprived her of a constitutionally protected interest in liberty or property. Mathews v. Eldridge, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); Bang Nguyen v. Dep't of Health Med. Quality Assur. Comm'n, 144 Wn.2d 516, 522-23, 29 P.3d 689 (2001). She neither identifies the state action involved in this dispute between private parties nor analyzes the claim, as necessary, pursuant to the test set forth in Mathews. Given that her claims were of a type for which relief could not be granted, as a matter of law, Mathews would not mandate a decision in her favor.