IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ASSET RECOVERY GROUP, INC., dba ASSET RECOVERY GROUP OF WASHINGTON, | ) ) ) | No. 82356-6-I |
| | ) | DIVISION ONE |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| LILY WILSON-CODEGA, | ) ) | |
| Appellant. | ) ) | |
| | ) | |

HAZELRIGG, J. — Asset Recovery Group, Inc. filed a small claims collection action against Lily Wilson-Codega, but recovered less than it had demanded in settlement and no more than Wilson-Codega had offered, exclusive of costs. As such, Wilson-Codega was the prevailing party and entitled to an award of reasonable attorney fees under RCW 4.84.250. The trial court erred in concluding otherwise. We reverse.

FACTS

Asset Recovery Group, Inc. (Asset), a debt collection agency, sued Lily Wilson-Codega in King County District Court in September 2019. Asset alleged that Wilson-Codega owed $1,374.56 to Polyclinic, one of its clients. Two months later, Asset offered to settle its claims in exchange for payment of $1,374.56 and $213.00 in costs. It told Wilson-Codega, "If you wish to accept this offer, you must

do so by delivering payment of $1,587.56 to this office within fourteen days of the date of this offer." Wilson-Codega did not initially respond to this offer.

In January 2020, Wilson-Codega offered to pay Asset $1,374.56 to dismiss its claims. Asset declined the offer. She then answered Asset's small claims complaint and counterclaimed for damages, asserting that Asset had violated Washington's Consumer Protection Act (CPA), chapter 19.86 RCW, and the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. Because the counterclaims sought injunctive relief under the CPA and other remedies beyond the district court's jurisdiction, the district court removed the case to King County Superior Court pursuant to CRLJ 14A(b).[1]

The parties continued to engage in settlement negotiations in August 2020. Wilson-Codega offered to settle her counterclaims for payment of "$10,000 and a release of all claims against her," while Asset continued to hinge dismissal of its claims on total payment of $1,587.56. Neither party budged.

Asset and Wilson-Codega moved for summary judgment on their respective claims. The superior court granted Asset's motion as to liability, dismissed Wilson-Codega's affirmative defenses and counterclaims, and awarded Asset a judgment for $1,374.56 "plus court costs of $213.00." Each party then moved for attorney fees under RCW 4.84.250. Asset requested fees of $15,030.00 as the "prevailing" party in its small claims action because it offered to settle for $1,374.56 exclusive of costs and it recovered that exact amount exclusive of costs.[2] Wilson-Codega

---

[1] Under CRLJ 14A(b), "[w]hen any party in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to superior court."

[2] Asset did not request fees as a prevailing defendant on Wilson-Codega's counterclaims.

sought $28,060.00 in attorney fees, contending that she was the "prevailing" defendant in this action because Asset recovered the same amount, exclusive of costs, she offered in settlement.

The superior court concluded that Asset was the prevailing party, Wilson-Codega was not, and entered a supplemental judgment awarding Asset $7,515.00 in reasonable attorney fees. Wilson-Codega appeals.

ANALYSIS

Wilson-Codega challenges the award of attorney fees to Asset and the denial of her request for fees under RCW 4.84.250–.300. Whether a statute authorizes an award of attorney fees is a question of law we review de novo. Niccum v. Enquist, 175 Wn.2d 441, 446, 286 P.3d 966 (2012).

In Washington, litigants generally must pay for their own legal expenses in civil actions. AllianceOne Receivables Mgmt., Inc. v. Lewis, 180 Wn.2d 389, 393, 325 P.3d 904 (2014). However, "[n]otwithstanding any other provisions of chapter 4.84 RCW," fees "shall be taxed and allowed to the prevailing party" in "any action for damages where the amount pleaded by the prevailing party" is less than $10,000. RCW 4.84.250. A plaintiff is the "prevailing party" for purposes of RCW 4.84.250 when its recovery, exclusive of costs, "is as much as or more than the amount offered in settlement by the plaintiff." RCW 4.84.260. A defendant, however, is deemed the "prevailing party" if the plaintiff recovers nothing or a sum not exceeding that offered by the defendant in settlement. RCW 4.84.270. "Only after the judgment can a court assess whether the plaintiff or defendant meets the

definition of a 'prevailing party' by examining a recovery after judgment and comparing it to settlement offers." AllianceOne, 180 Wn.2d at 395.

These provisions encourage out-of-court settlements, penalize parties who unjustifiably bring or resist small claims, and enable parties to "'pursue a meritorious small claim without seeing his award diminished in whole or in part by legal fees.'" Beckmann v. Spokane Transit Auth., 107 Wn.2d 785, 788, 733 P.2d 960 (1987) (quoting Northside Auto Serv., Inc. v. Consumers United Ins. Co., 25 Wn. App. 486, 492, 607 P.2d 890 (1980)).

I.    Asset was not a Prevailing Plaintiff

Wilson-Codega and amicus[3] contend Asset was not a prevailing party by virtue of the fact that it recovered less than the amount it offered in settlement. We agree.

The record shows that Asset repeatedly demanded $1,587.56 from Wilson-Codega to settle its small claims action. The superior court awarded Asset a judgment for $1,374.56, plus court costs of $213.00. Comparing the two sums, Asset's settlement offer exceeded the judgment award exclusive of costs, so it was not a prevailing plaintiff under RCW 4.84.260. Therefore, Asset was not entitled to fees under RCW 4.84.250. The superior court erred in awarding such fees.

Asset's claim that it prevailed because its recovery exclusive of costs, $1,374.56, was the same amount it offered in settlement, excluding costs of $213.00, is unpersuasive. Asset was not entitled to any "costs" at the time of its settlement offer because there was no judgment, so segregating its offer into

_____

[3] The Northwest Consumer Law Center submitted an amicus brief.

amounts corresponding to damages and costs amounted to nothing more than requesting a lump sum of "just dollars." Niccum, 175 Wn.2d at 450 ("A party may ask for an extra $1,000 in an offer of compromise to cover its expenses, but those dollars do not constitute 'costs' as that term is defined in RCW 4.84.010, i.e., sums 'allowed to the prevailing party upon the judgment.' They are just dollars."). In McKillop v. Personal Representative of Estate of Carpine, where a party similarly attempted to ignore the "costs" included in its settlement offer for purposes of determining the prevailing party under RCW 4.84.250, we concluded that absent an entitlement to costs, the superior court "had 'no basis for giving effect to the inclusion of costs in the offer.'" 192 Wn. App. 541, 548–49, 369 P.3d 161 (2016) (quoting Niccum, 175 Wn.2d at 451).

Next, Asset contends that RCW 4.84.015(3), which states that "[a] party may demand, offer, or accept the payment of statutory costs before the entry of judgment in an action," expressly authorized the inclusion of statutory costs in its offer, "even before the entry of judgment in the action." This contention lacks merits as it ignores the next subsection of the same statute. RCW 4.84.015(4) instructs: "This section may not be construed to (a) authorize an award of costs if the action is resolved by a negotiated settlement or (b) limit or bar the operation of cost-shifting provisions of other statutes or court rules." Thus, under the plain language of this subsection, Asset was not entitled to "an award of costs" during settlement negotiations. Further, this statute expressly declines to limit or bar other

cost-shifting statutory provisions, such as RCW 4.84.250, which applies to small claims actions "[n]otwithstanding any other provisions of chapter 4.84 RCW."[4]

In short, Asset was not the prevailing party in its small claims action against Wilson-Codega. We reverse the superior court's order awarding Asset attorney fees.

II.     Wilson-Codega was a Prevailing Defendant

Wilson-Codega asserts that the superior court erred by denying her motion for attorney fees because she was the prevailing party when Asset failed to recover more in its small claims action than she offered in settlement. We agree.

In this case, Wilson-Codega offered Asset $1,374.56 several times to settle and dismiss its claims against her. Critically, Asset was ultimately awarded exactly the amount she offered, exclusive of costs. Therefore, Wilson-Codega was the prevailing party as defined by RCW 4.84.270 and was entitled to an award of reasonable attorney fees under RCW 4.84.250. We reject Asset's arguments to the contrary.

Asset claims that Wilson-Codega was not the prevailing party, arguing that her settlement offers were incomplete because they did not (1) include the costs to which Asset was entitled and (2) release Asset from her counterclaims. But, as noted above, Asset was not entitled to any costs prior to the entry of judgment and it never sought fees based on the dismissal of the counterclaims. It also alleges

---

[4] We also decline Asset's invitation to "harmonize" RCW 4.84.120 (a cost-shifting provision applicable when a defendant deposits with the court clerk an "amount which he or she admits to be due, together with all costs that have accrued," to the plaintiff) with RCW 4.84.250. Here, there is no indication that Wilson-Codega deposited any money admittedly due to Asset with the court clerk.

that Wilson-Codega's January 2020 offer did not comply with the service requirements of RCW 4.84.280, but we need not address this issue. The record establishes that Wilson-Codega made otherwise identical settlement offers in August 2020, which Asset does not challenge for lack of proper service. Finally, Asset suggests that when there are multiple offers of settlement, "the purpose of the statutes would be served if the first offer of settlement controls." But Asset cites no authority supporting such a notion and we need not consider arguments unsupported by authority. RAP 10.3(a)(6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Accordingly, we reverse the superior court's order denying Wilson-Codega's motion for attorney fees and remand for a determination and award of reasonable attorney fees in defending against Asset's small claims action.

III.    Attorney Fees on Appeal

Both parties request attorney fees on appeal and properly dedicate a portion of their briefing to their request. As the prevailing party, Wilson-Codega is entitled to reasonable attorney fees for this appeal under RCW 4.84.290,[5] subject to compliance with RAP 18.1(d). Asset's request is denied.

---

[5] In part, RCW 4.84.290 instructs: "[I]f the prevailing party on appeal would be entitled to attorneys' fees under the provisions of RCW 4.84.250, the court deciding the appeal shall allow to the prevailing party such additional amount as the court shall adjudge reasonable as attorneys' fees for the appeal."

Reversed and remanded.

WE CONCUR: