# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WASHINGTON AND RICE, LLC, | No. 59630-0-II |
| Respondent, | |
| v. | |
| ROBERT L. STALLWORTH and LADEDRIA STALLWORTH, husband and wife, | UNPUBLISHED OPINION |
| Appellants. | |

VELJACIC, A.C.J. — This case arises out of an action for breach of contract related to a lease for residential property. Washington and Rice, LLC leased a residential property to Robert and Ladedria Stallworth. The Stallworths defaulted on their lease payments and moved out. Washington and Rice filed a lawsuit seeking unpaid rent, attorney fees, and costs. The trial court granted summary judgment in Washington and Rice's favor and ordered the Stallworths to pay the outstanding rent along with attorney fees and costs. On appeal, the Stallworths argue that the judgment is not authorized because they were not offered a payment plan or rent reduction as statutorily required. They further argue that attorney fees and costs are not statutorily authorized. We affirm the trial court's judgment.

## FACTS

The Stallworths rented residential property from Washington and Rice from 2019 to 2022. The parties' rental agreement provided that if the Stallworths missed any payments, they would

"pay all costs, expenses, and attorney's fees, expended or incurred by [Washington and Rice] by reason of any default or breach by [the Stallworths] of any of the terms of this Agreement." Clerk's Papers (CP) at 42.

In November 2021, during the COVID-19 pandemic, the Stallworths stopped making their rent payments. In 2022, Washington and Rice decided to sell the property and notified the Stallworths. The Stallworths vacated the property in July 2022. Washington and Rice then filed a breach of contract suit against the Stallworths for unpaid rent.[1] The complaint did not address unlawful detainer. And the summons, which accompanied the complaint, was a standard civil summons rather than the unlawful detainer summons outlined in RCW 59.18.365.

Washington and Rice moved for summary judgment, arguing that there were no genuine issues of material facts because the Stallworths breached the lease and Washington and Rice sustained damages. The motion was supported by the declaration of Sandra Parmalee, Washington and Rice's property manager.

In response to the summary judgment motion, the Stallworths submitted a declaration, stating that Washington and Rice violated RCW 59.12.030(3) because it waited for the time restrictions to pass and then filed its motion for summary judgement. They also claimed that they were essential and senior workers, that there was mold in the building, and that some residents were informed of abatement of rental payments when the COVID-19 rent moratorium was implemented. The Stallworths acknowledged that they were notified that Washington and Rice was selling the property, and that they moved out soon after.

---

[1] Washington and Rice first attempted to seek recovery of lost rent through a rental assistance agency that was working with the Stallworths. However, the Stallworths did not submit the required information to the rental assistance agency, preventing the processing of rental assistance funds on their behalf.

On September 22, 2023, the trial court granted Washington and Rice's motion for summary judgment and notified the parties that a judgment would be entered at a later time.

Washington and Rice's attorney submitted a declaration regarding attorney fees and costs. The Stallworths submitted a statement that the principal judgment amount should be reduced because they were not offered a reasonable payment plan under the "Rent Moratorium" in effect while they were renting the property. CP at 70. Their final argument appears to contain a substantial typographical error, as it suggests attorney fees, costs, and interest should not be awarded pursuant to "Thursday September 28, 2023 Washington State Supreme Court." CP at 70. The significance of this is uncertain.

On October 2, 2023, the trial court entered a judgment for Washington and Rice, awarding it $16,557.94 in back rent, $6,090.00 in attorney fees, and $548.00 in costs.

The Stallworths appealed the trial court's October 2, 2023 judgment.[2]

ANALYSIS

I. JUDGMENT

The Stallworths first argue that the trial court erred in awarding Washington and Rice $16,557.94 in back rent when Washington and Rice failed to offer the Stallworths a rent reduction or a payment plan as required by former RCW 59.18.630 (2021) and RCW 59.21.030(3). We disagree.

We review the question of whether damages are proper de novo. *Pierce v. Bill & Melinda Gates Found.*, 15 Wn. App. 2d 419, 436, 475 P.3d 1011 (2020). The Stallworths rely on former

---

[2] Washington and Rice notes that the Stallworths appealed only the October 2, 2023 judgment not the underlying order granting Washington and Rice's motion for summary judgment. While we will review an order not designated in a notice of appeal if it prejudicially affects the decision designated in the notice under RAP 2.4(b), the Stallworths arguments relate to the October 2, 2023 judgment. Therefore, we see no procedural bar to addressing their arguments on the merits.

RCW 59.18.630 and RCW 59.21.030(3) to support their argument that the trial court erred in awarding damages to Washington and Rice.

Former RCW 59.18.630 regulated the actions of landlords during our prior governor's eviction moratorium. *Heston v. Christensen*, 30 Wn. App. 2d 511, 517, 548 P.3d 961 (2024). The statute required landlords to offer tenants a reasonable schedule for repayment of unpaid rent prior to "proceed[ing] with an unlawful detainer action as set forth in RCW 59.12.030." "An 'unlawful detainer' is a summary proceeding that provides an expediated form of relief to recover rental premises and resolve claims of possession between landlords and tenants." *Housing Auth. of County of King v. Knight*, ___ Wn.3d ___, ___, 563 P.3d 1058, 1061 (2025).

RCW 59.21.030(3) relates to mobile home park closure notice requirements. The Stallworths do not clarify how this statute is relevant to the issue at hand.

Nevertheless, Washington and Rice brought a lawsuit for breach of contract, not unlawful detainer. The Stallworths do not demonstrate how either former RCW 59.18.630 or RCW 59.21.030(3) limit a judgment in a breach of contract action. Accordingly, they fail to show that the trial court erred in entering judgment for back rent to Washington and Rice.

II.    ATTORNEY FEES AND COSTS BELOW

The Stallworths next argue that the trial court erred in awarding Washington and Rice its attorney fees and costs. We disagree.

Similar to our review of whether a judgment is lawful, we review the legal basis for the award of attorney fees and costs de novo. *Niccum v. Enquist*, 175 Wn.2d 441, 446, 286 P.3d 966 (2012). The Stallworths rely on former RCW 59.18.660(3)(b) to support their argument that the trial court erred in awarding attorney fees and costs.

Former RCW 59.18.660, was known as the Eviction Resolution Pilot Program (ERPP). The ERPP required landlords to participate in an "eviction resolution program" before filing an unlawful detainer action for nonpayment of rent. Former RCW 59.18.660(2). The legislature charged dispute resolution centers, situated in each county, with administering the program. Former RCW 59.18.660(1). Until such a center certified a plaintiff-landlord's participation in the program, the statute prevented any trial court from hearing that landlord's unlawful detainer action for nonpayment of rent. Former RCW 59.18.660(5). By its terms, former RCW 59.18.660 expired July 1, 2023. Former RCW 59.18.660(9).

There are no provisions in former RCW 59.18.660 that address attorney fees and costs. It is assumed that the Stallworths intended to cite former RCW 59.18.630(3)(b), which provided that landlords may recover "rent only" and "not any late fees, attorneys' fees, or any other fees and charges." But, as discussed above, former RCW 59.18.630(3)(b) related to unlawful detainer actions and not breach of contract actions.

The parties' rental agreement states that the Stallworths agree "to pay all costs, expenses, and attorney's fees, expended or incurred by [Washington and Rice] by reason of any default or breach by [the Stallworths] of any of the terms of this Agreement." CP at 42. Based on the parties' agreement, the trial court had a legal basis to award attorney fees and costs. Nothing in former RCW 59.18.660 or former RCW 59.18.630(3)(b) limits that legal basis. Accordingly, the trial court did not err in awarding attorney fees and costs.

III.   ATTORNEY FEES ON APPEAL

Washington and Rice requests attorney fees on appeal based on RAP 18.1(a). Under RAP 18.1(a), we may award attorney fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees." This includes fee provisions in leases awarding attorney fees to the

prevailing party. *City of Puyallup v. Hogan*, 168 Wn. App. 406, 430, 277 P.3d 49 (2012). As discussed above, the parties' rental agreement contains an attorney fee provision, allowing Washington and Rice to recover fees for breach of the agreement. Contractual provisions awarding attorney fees to the prevailing party also support an award of appellate attorney fees. *Thompson v. Lennox*, 151 Wn. App. 479, 484, 212 P.3d 597 (2009). Based on the attorney fee provision in the parties' rental agreement lease, we award Washington and Rice attorney fees on appeal under RAP 18.1(a).

## CONCLUSION

We affirm the trial court's October 2, 2023 judgment in favor of Washington and Rice. Attorney fees are awarded under RAP 18.1(a) in an amount to be set by our commissioner.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Price, J.

_____
Che, J.